## FRED CLAIR v. A. R. MERIWETHER.

174 So. 591.

Opinion Filed November 19, 1936.
On Further Rehearing May 21, 1937.
Rehearing Denied June 10, 1937.

*George P. Garrett* and *John Tilden,* for Plaintiff in Error; *Maguire & Voorhis,* for Defendant in Error.

PER CURIAM.—This writ of error was taken to a judgment for the defendant in an action to recover damages for an injury to a pedestrian on a highway. The verdict of the jury determined the facts in issue and the trial court denied a motion for new trial.

A careful consideration of the record discloses no reversible error of law or procedure in the trial. The judgment should be affirmed. See Sections 4637 (2918), 4499 (2812) C. G. L.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

## ON FURTHER REHEARING.

ELLIS, C. J.—On the 2nd day of December, 1934, at about six-thirty o'clock in the evening, Fred Clair was a pedestrian upon public highway No. 3 near the City of Winter Park, walking in a southerly direction on the righthand side of the road toward that city. A. R. Meriwether was traveling upon the same highway in the same direction at the same time, driving a Plymouth automobile. Clair was struck by the automobile and sustained serious or very severe injuries.

Two months thereafter Clair brought his action in the Circuit Court for Orange County against Meriwether for damages, alleging that the injuries sustained were due to

the negligent operation of the automobile by the defendant, Meriwether.

An amended declaration filed on March 19, 1935, contained two counts: the first alleging that the defendant Meriwether was driving the automobile in a southerly direction along the highway at a high and dangerous rate of speed and without due care and regard for the safety of others then and there rightfully upon the highway. The second count reaffirmed all the allegations contained in the first count as to the defendant's negligence and alleges that such acts were willfully and wantonly done resulting in the injury of the plaintiff.

To this declaration a plea of not guilty was interposed and that the plaintiff negligently placed himself in "a dangerous situation upon the highway," and that the plaintiff knew or could have known by the exercise of reasonable diligence of the danger to him as a pedestrian upon the highway from the approaching automobile.

There was a trial and verdict for the defendant and a judgment that the plaintiff take nothing by his complaint, and that the defendant go hence without day. To that judgment the plaintiff took a writ of error and upon consideration of the cause by this Court it on the 19th day of November, 1936, affirmed the judgment.

A petition for a rehearing was interposed by the plaintiff, who alleged in the petition that the exclusion by the trial court of a copy of an ordinance of the Town of Lake Maitland, in which the accident occurred, which prohibited the driving of an automobile at the place where the accident occurred at the rate of speed at which it was alleged the defendant drove his car was error, and was not cured by Section 4499 C. G. L. 1927, commonly known as the harmless error statute.

The petition also alleged that the trial court erred in denying the plaintiff's motion to exclude the pleas of contributory negligence on the ground that they were not supported by any evidence. The record discloses that at the close of the evidence the plaintiff moved to exclude the pleas of contributory negligence No. 4 and 5 as not being borne out by the testimony. It is claimed that such error was not cured by Section 4499 C. G. L. 1927, *supra.*

The petition also alleges that the trial court erred in denying a motion for a new trial upon the ground of newly discovered evidence. It is alleged in the petition and disclosed by the record that the newly discovered evidence would disclose that the defendant was driving the automobile at approximately forty-five miles an hour and at the point of the accident it swerved from the highway to the right, striking the plaintiff, who had stepped from the pavement to the shoulders of the road.

It is alleged that the motion for a new trial upon the ground of newly discovered evidence complied with all the requirements of the law in such cases, viz.: that the evidence was discovered since the trial; that the plaintiff had used due diligence to procure it before the trial; that the proposed evidence was material to the issue; that it was material to the issue and not in impeachment of witnesses; that it was not merely cumulative, and that it was such as to procure on another trial a different result from that which was reached by the jury.

It is alleged in the petition that the court overlooked the consideration of that ground of the motion for a new trial and that the failure of the trial court to grant the motion was not such an error as was cured by the harmless error statute.

The purpose of the introduction in evidence of a copy of

the ordinance of the Town of Lake Maitland in which the accident appeared to have occurred was to give support to the allegations of the declaration that in the circumstances the defendant drove his automobile at a high and dangerous rate of speed and that it was recklessly and wantonly done.

In the case of Anderson v. Crawford, 111 Fla. 381, 149 South. Rep. 656, which was one in which the plaintiff sought damages to himself and automobile from collision with a railroad train which was being operated through the City of Kissimmee, this Court held that the exclusion of an ordinance of the City which prohibited the operation of a train of cars within the city limits at a rate of speed greater than that at which it appeared the train was being operated at the time of the accident was error not because the violation of the ordinance was *per se* negligence on the part of the railroad company, but as a mere circumstance to be considered on the question *vel non* of negligence in the operation of the train in the circumstances alleged. We said: "Whether the violation by a locomotive engineer of an ordinance prescribing the rate of speed at which a railroad train shall be operated within the city limits constitutes of itself negligence is not the question, but, where the action rests upon a general allegation of negligence in operating a train at a railroad crossing within the limits of a city, whether an ordinance prohibiting by its terms the operation of a train of cars at a greater rate of speed than the evidence shows the train of cars to have been traveling at the time of the accident may be shown in evidence and be considered in determining the existence of negligence *vel non*. Text 385.

It appears from the record in this case that the trial court excluded the introduction of the ordinance upon the theory

that the violation of it did not of itself constitute negligence on the part of the defendant and excluded it because he did not operate the automobile apparently at a greater rate of speed than that provided by the statute for the operation of automobiles upon the public highway.

It is apparent that the reasoning in view of the Anderson case, *supra,* is unsound, because the introduction of the ordinance in evidence was not for the purpose of irrevocably fixing upon the defendant the charge of negligence by a violation of the ordinance, but that the ordinance was being violated at the time of the accident was merely a circumstance among others which should have been considered by the jury upon the question of negligence *vel non* in the operation of the automobile.

The condition existing at the time of the accident constituted the measure of duty resting upon the operator of the automobile on the one hand and the traveler on the public highway on the other. In arriving at this measure of duty on the part of the operator of the automobile it is reasonable to consider that he was driving his car at a greater rate of speed than the ordinance permitted when before him upon the public highway a pedestrian was walking with his back to the approaching car.

Upon reconsideration of this case we are of the opinion that the exclusion of the ordinance from consideration by the jury was not harmless error.

Upon the second proposition presented by the petition for rehearing, we find the state of the record to be not so clear that there was total lack of evidence in support of the pleas of contributory negligence. We are of the opinion that there was no error in overruling the motion to exclude the pleas from consideration by the jury upon the ground that there was a total lack of evidence in support of them. It

would be unprofitable to discuss the evidence in detail upon this point and undertake to demonstrate that the plaintiff was wholly free from some measure of negligence that might have precluded his recovery. While it is true that he had a right to be upon the public highway, nevertheless it is also true that his duty to protect himself and to avoid injury by approaching automobiles rests upon him as definitely as it rests upon the driver of the automobile to use due care to avoid injury to a pedestrian, therefore we think that it was proper to submit all the facts to the jury under the issues made that they might determine from those facts whether the plaintiff was indeed guilty of contributory negligence that would bar his recovery from the injuries received. That ground of the petition, therefore, we think, is not well taken.

The third point presented by the petition for rehearing is that the trial court erred in denying the motion for a new trial upon the ground of newly discovered evidence. If that ground was well taken and was supported by a showing that neither the plaintiff nor his attorneys were at fault in securing the evidence and that it was material to the issue and not cumulative and was of such a character as that if believed by the jury would have necessitated a different result the point was well taken and the court should have granted a new trial on that ground.

The record discloses that Mr. Tilden, who was attorney for the plaintiff, did everything reasonable within his power to secure the testimony of all persons who might have been eye witnesses to the transaction but that before the trial his efforts in that behalf did not result in the information which he afterwards obtained through the proffered testimony of Lewis Monroe. Dixon v. State, 77 Fla. 143, 80 South. Rep.

741; Gaither v. Anderson, 103 Fla. 1190, 139 South. Rep. 587.

The above has been the rule obtaining in this State upon the subject of new trials granted on newly discovered evidence for a long period of years and we are convinced from an inspection of the record upon this single point that the rule was not observed by the trial court and that his refusal to grant a, new trial upon the point presented was not such an error as was cured by the harmless error statute referred to in the opinion formerly handed down in this case.

If the testimony of Lewis Monroe should be produced upon another trial and the facts of the case in no material manner changed from those which were presented in this record and the jury, whose province it is to do so, should believe the the testimony of Monroe, it would seem that there was undoubted negligence on the part of the defendant in swerving his automobile to the right far enough to strike the plaintiff who, according to the newly discovered evidence which the jury might believe, was at that moment off the highway upon the shoulder of the road and out of danger from the approaching machine.

Of course, we do not intimate that there is any probability of the jury believing the proposed testimony of Lewis Monroe, nevertheless it is material evidence, not cumulative, and if believed would put a different phase upon the case as it was presented to them.

In view of these considerations we recede from the judgment of affirmance rendered on November 19, 1936, and reverse the judgment to which the writ of error was taken.

Reversed.

TERRELL and BUFORD, J. J., concur.

BROWN and DAVIS, J. J., concur in reversal on basis of third point discussed in the opinion.

WHITFIELD, J., not participating.