HOBSON, Justice.
Appellant herein was found guilty of armed robbery, and timely filed a motion for new trial on the ground of newly discovered evidence, this motion being supported by the affidavits of appellant, his counsel and others. The court denied the motion for new trial and proceeded to enter judgment and sentence, and the sole question presented here is whether this ruling constituted an abuse of discretion by the trial court.
At the trial the complaining witness, one Wright, a manufacturing and wholesale jeweler, testified that appellant had taken him some distance from his home, in appellant’s car, on the pretext of showing to appellant’s wife, for her approval, a diamond which the complaining witness had for sale. Wright further testified that appellant, covering him with a revolver, forced him to walk through a ditch filled with water and strip to his underwear and shoes, divesting him of two diamonds which he had on his person. Wright, in his unclothed condition, was subsequently picked up by the two Alvarez brothers, one, of whom was called as a witness for the State. The Alvarez brothers transported Wright to his home, where he called the police who later apprehended the appellant. The appellant was positively identified by Wright. The testimony of C. W. Alvarez corroborated Wright’s .story.
The motion for new trial was accompanied by affidavits from C. W. and R. N. Alvarez and one Clyde McKendree. The affidavits of the Alvarez brothers state that the few clothes the complaining witness was wearing when picked up were dry. They contain other statements inconsistent with the evidence adduced at the trial. The Mc-Kendree affidavit states that the affiant was present at a filling station located on the way to the scene of the crime before it allegedly occurred when he saw two men, one of whom was the complaining witness, proceeding north in an automobile. He later saw the same automobile returning without the complaining witness but still containing the other man, whose appearance, as he described it, did not comport with the physical characteristics of the appellant.
The State contends that the primary effect of these affidavits would be their tendency to impeach the testimony of the complaining witness. We have held that evidence having a mere tendency to impeach is insufficient to justify the granting of a new trial on the ground of newly discovered evidence under F.S. § 920.04(3), F.S.A., Winsley v. State, 69 Fla. 391, 68 So. 376, but that the new evidence must go to the merits and be material. Long v. State, 42 Fla. 612, 28 So. 855; Jones v. State, 35 Fla. 289, 17 So. 284. We think, however, that the evidence which has now been disclosed meets this test. It was the theory of the defense that a false “robbery” was arranged by the complaining witness to cover the disappearance of the rings. The McKendree affidavit would tend to corroborate this theory.
*552 On the whole case it appears that there was nothing which' could definitely have led defense counsel to the affiant Mc-Kendree to obtain the information which he later disclosed. Although the body of the motion which accompanied the affidavits may be technically defective in that it does not specifically show the steps used by the defense to acquire the McKendree information, State v. Sears, 148 Fla. 89, 3 So.2d 721, we have held that such restrictions upon the granting of a new trial on the ground of newly discovered evidence are not inflexible and “must sometimes bend in order to meet the ends of justice.” Gaither v. Anderson, 103 Fla. 1190, 135 So. 840, 139 So. 587, 588, and cases cited therein.
ít appears that the ends of justice will best be served by granting the motion for new trial in this case. The judgment appealed from must therefore be and it is hereby reversed and remanded for further proceedings not inconsistent herewith.
DREW, C. J., and TERRELL, ROBERTS and THORNAL, JJ., concur.
THÓMAS, J., dissents. ‘
O’CONNELL, J., not participating.