86 So.2d 796 (1956)
Henry Junior OGBURN and Taylor Ogburn, Appellants,
v.
Florence P. MURRAY and her husband, Wilson Albert Murray, Appellees.
Henry Junior OGBURN and Taylor Ogburn, Appellants,
v.
Ida SINGER, Appellee.
Supreme Court of Florida. En Banc.
April 11, 1956.
*797 Cooper, Cooper & Killian, Tampa, for appellants.
J.B. Patterson and Morris C. Tucker, Fort Lauderdale, and Mabry, Reaves, Carlton, Fields & Ward, Tampa, for appellees.
ROBERTS, Justice.
We here review verdicts and judgments in favor of three plaintiffs in actions for damages brought by them against the defendants, appellants here, because of the alleged negligence of the defendant, Henry Junior Ogburn. The suits arose out of the same accident, were tried together in the lower court, and have been consolidated on this appeal. None of the errors assigned here for reversal relates to the liability of the defendants for the negligent operation of the truck by Henry Junior. The defendants complain only of the sufficiency of the evidence as to damages to support the awards made by the jury, and errors of the court relating to and allegedly affecting the amounts awarded to the plaintiffs, Florence P. Murray and her husband, Wilson Albert Murray.
The jury's verdicts were as follows: Wilson Albert Murray, $8,000; Florence P. Murray, $4,000; and Ida Singer, $1,000. We have carefully examined the record as to the damages awarded the plaintiffs, Florence P. Murray and Ida Singer, and have concluded that they were not excessive. Nor do we find reversible error as to the allegedly improper remarks of counsel for the plaintiff, Florence P. Murray, in discussing the evidence relating to the injuries suffered by her. Accordingly, the judgments in favor of the plaintiffs, Florence P. Murray and Ida Singer, are affirmed.
As to Wilson Albert Murray, in addition to the general question of the sufficiency of the evidence to support the award, the defendants argue that the lower court erred in refusing to grant their motion for new trial as to this plaintiff on the ground that Wilson gave false and perjured testimony during the trial as to his previous earnings. This contention must be sustained.
At the trial, Wilson testified that before the accident he had done body and fender work, requiring lifting, and had earned on *798 the average from $125 to $150 per week; but that after the accident he had been forced to do work in which lifting was not required, and had earned only $68 per week for three or four weeks and then $60 per week, which were his wages at the time of trial. He was employed by Sawyer Motor Company as a body and fender man before the accident, and went to work for Abernathy Paint & Body Works as a painter or foreman after the accident, for whom he was still working at the time of trial. In support of the motion for new trial, the defendants offered the affidavits of officers of the two employers above mentioned, showing that Sawyer had paid Wilson an average of $56.69 per week, and that Abernathy had employed him at a flat salary of $80 per week and was still paying him that amount. The motion for new trial was denied, without comment, by the trial judge.
It is the rule in this state that a new trial should be granted on the ground of newly discovered evidence if "supported by a showing that neither the plaintiff nor his attorneys were at fault in securing the evidence, and that it was material to the issue and not cumulative, and was of such character as that if believed by the jury would have necessitated a different result * * *." Clair v. Meriwether, 1937, 127 Fla. 841, 174 So. 591, 594. We agree with counsel for defendants that it could not have been anticipated that Wilson would give false testimony as to his earnings, even though it might have been expected that counsel for Wilson would attempt to prove loss of past and future wages as one element of the damages sought in the action under the allegation of Wilson's complaint that he had "been permanently disabled from attending to his usual duties as an automobile repairman and painter. * * *" But even if defendants and their counsel were technically at fault in failing to have this evidence available at the trial, this court has said that the rules as to newly discovered evidence "are not inflexible and must sometimes bend in order to meet the ends of justice", Gaither v. Anderson, 103 Fla. 1190, 135 So. 840, 139 So. 587, 588; and we think of no more appropriate situation for "bending" the rules than the one presented here, where the only reasonable and logical inference is that Wilson deliberately falsified his earnings. Other courts have so held in analogous situations. Cf. Candelore v. Glauser, 291 Pa. 582, 140 A. 525; Harris v. Wall, 144 Va. 774, 130 S.E. 899.
The false statements were material to the issue of damages, in view of the emphasis placed upon "lost income" by Wilson's counsel in his closing argument to the jury. After stating that Wilson was entitled to recover about $800 for his and his wife's medical bills and damages for past and future pain and suffering in the total amount of $1,965, counsel made the following remarks:
"Now, the main item, gentlemen, is lost income, and this I want you to please get  hold this against me if it is wrong. This man was earning from $125 to $150 a week doing the job he has done for 30 years. No man would change from that job to one earning sixty a week as foreman doing paper work if he could help it. He can't even get his car repaired, he can't pay all his bills. If he was fired from that $125 a week job or left for any other reason than his back trouble, as the doctor said, there would have been testimony from somebody who knew it in his old job or at his new one. And you and I both know it. And the fact that a man took such a decrease in work had to be because of his back, that he couldn't lift as required on his old job.
"Now, the Judge will tell you that he is entitled to that money he lost, and how much is it? Since the accident happened he has already lost in wages $6,500. Now, he wouldn't lose that if he didn't have to or if he could lift those things. No man would do that. Now, he is entitled to lost income in the future. * * * There again we can't come back. He has still got the $60 a week job right on. Let's say he could work until he is sixty, that is *799 six more years. He is going to lose six years income. He can't come back here in court on it. You've got to do something about it today. That lost income for the next six years come to nineteen thousand. That's what he is going to lose, even though you foreget about the case by 2 o'clock this afternoon. He is also entitled to lost services and consortium of his wife. Gentlemen, I don't know what that is worth. What is it worth to have a wife who is happy and contented and then fussy and always in pain? * * *. I don't know what he is entitled to that's why I am going to leave it blank. The Court will tell you you have to reduce all these figures to the present income, and if you reduce these it will come to about $20,000. * * *"
In the light of this closing argument, it is unrealistic to believe (as counsel for Wilson would have us do) that the jury's verdict would have been the same if the true facts as to his wages before and after the accident had been presented. Townsend v. Gibson, Fla. 1953, 67 So.2d 225, is not controlling here because the facts are different. There, the plaintiff suffered a serious brain injury as a result of the accident, which was shown to have disabled him 50 percent as to his ability to "sense things and express himself and things like that" and 100 percent as to his ability "to carry on his business and make a decent living compared with what he was able to do before * * *." Here, Wilson suffered a sprained or strained neck in the accident, but lost no time from work; and there was no clear or conclusive medical testimony that the accident had anything to do with aggravating pre-existing disabilities which, at the time of trial, amounted to a 5 percent permanent disability of the body as a whole.
The defendants' motion for new trial as to Wilson was sufficient, within the rule of Clair v. Meriwether, supra, 174 So. 591, to support a new trial on the question of the damages to which this plaintiff was entitled, and it should have been granted by the trial judge.
Accordingly, the verdict and judgment in favor of the plaintiff, Wilson Albert Murray, is reversed insofar as the amount of damages is concerned, and the cause remanded for a new trial on the question of damages.
Affirmed in part and reversed in part and remanded for new trial on the question of damages sustained by the plaintiff, Wilson Albert Murray.
DREW, C.J., and TERRELL, HOBSON, THORNAL and O'CONNELL, JJ., concur.
THOMAS, J., dissents.
THOMAS, Justice (dissenting).
I think the judgments should be affirmed because there was not sufficient showing either of due diligence or the probability that a new trial would produce a different result.