LILES, Acting Chief Judge.
Appellant, defendant below, brings this appeal from a judgment entered pursuant to a jury verdict in favor of appellee, plaintiff below.
Plaintiff was injured when struck by defendant’s automobile and brought an action seeking damages therefor. The accident occurred on February 25, 1964, at approximately 8:30 p.m. Defendant was traveling west along Walsingham Road in Pinellas County within the legal speed limit. He blinked his headlights from low beam to high beam and back to low beam and proceeded to pass the automobile in front of him. Defendant estimated that it took “a couple hundred feet” to pass this automobile. As he was in the process of pulling back to the westbound lane, defendant flashed his lights on high beam and observed plaintiff walking “about ten feet” in front of his automobile. Defendant’s automobile struck plaintiff before defendant had an opportunity to apply his brakes. Defendant claimed that plaintiff was in the middle of the eastbound lane of Wal-singham Road. Plaintiff claimed that he was walking in a westerly direction along the lefthand side of the road on a shell shoulder approximately six inches from the road. The jury returned a verdict in plaintiff’s favor, and defendant has appealed.
Defendant’s first contention is that the trial court erred in giving the following jury instruction:
“I charge you a pedestrian walking along the highway has a lawful right to be walking along the pavement of the roadway so long as he exercises reasonable care for his own safety.”
Defendant argues that giving this instruction was reversible error in light of the provisions of § 317.01001, Fla.Stats., F.S.A., pertaining to the regulation of pedestrian travel outside municipalities. That statute reads in pertinent part:
* * * # ‡ *
“(3) Where sidewalks are not provided any pedestrian walking along and upon a highway shall, when practicable, walk only on the shoulder on the left side of the roadway in relation to the pedestrian’s direction of travel, facing traffic which may approach from the opposite direction.
******
“(15) The provisions of subsections (1)-(13) shall not be construed as creating, and shall not be admissible in aid of, any right, action or defense in any civil action.” § 317.01001, Fla.Stats., F.S.A.
The trial court, in giving the challenged instruction, apparently relied upon the principle that a pedestrian has a right to be on a public highway, but that he is under a duty to protect himself and to avoid injury by approaching automobiles. Edwards v. Donaldson, 103 So.2d 256 (D.C.A.Fla.1958); Clair v. Meriwether, 127 Fla. 841, 174 So. 591 (1937). This principle of law seems to be in line with the more general rule that motorists and pedestrians have reciprocal rights on highways and neither has a paramount right over the other. See, e.g., Bellere v. Madsen, 114 So.2d 619, 80 A.L.R.2d 1 (Fla.1959); Williams v. Scott, 153 So.2d 18 (D.C.A.Fla.1963); Baro v. Wilson, 134 So.2d 843 (D.C.A.Fla.1961). Compare, Souvorin v. Lerich, 180 So.2d 180 (D.C.A.Fla.1965).
Defendant argues that § 317.01001 (3), quoted above, necessarily precludes the applicability of the principle that a pedestrian has a right to be on a public highway but is under a duty to protect him *657 self. The essence of this contention is that subsection (3), supra, somehow limits the right of a pedestrian to the use of the highways and that the general principles set forth above have been “overruled.” We cannot subscribe to this theory.
There is no indication that the legislature by its enactment of § 317.01001, Fla.Stats., F.S.A., intended to limit or in any way affect the general rule that the rights of pedestrians and motorists to the use of the highways are reciprocal. To rule otherwise, we would have to conclude that the statute limits a pedestrian’s rights and conversely creates a greater right in the motorist. The legislature indicated this was not its intent by providing in subsection (15) that:
“The provisions of subsections (1)—(13) shall not be construed as creating * * * any right. * * * ” (Emphasis added.)
Moreover, in § 317.01001(13), Fla.Stats., F.S.A., the legislature provided:
“(13) Notwithstanding the foregoing provisions of this section, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway * *
The quoted section appears to strengthen rather than weaken the principle announced by the trial court in his jury charge and certainly does not lend support to the contention that the statute “overrules” that principle.
Defendant’s next contention is that the trial court erred in charging the jury that:
“It is the law and I charge you as such that wherever headlights on a motor vehicle are required, they shall be of such intensity that when lighted they will reveal persons and vehicles at a distance of at least 100 feet ahead. Therefore, if you shall find from the evidence that at the time of the time of the accident complained of the driver of the motor vehicle was required to light his headlights and said such headlights would not reveal persons and vehicles at a distance of at least 100 feet ahead and such failure was a proximate cause of the plaintiff’s injury, it would be your duty to find your verdict for the plaintiff and against the defendant.”
Defendant does not attack the above as being a misstatement of the law but contends rather that there was no evidence presented upon which the instruction could be based.
It is, of course, fundamental that a charge to a jury should be predicated upon the evidence adduced at trial. We feel, however, that there was sufficient evidence presented to warrant the instruction. Defendant testified that his headlights were in proper working order, yet he claimed he did not see plaintiff until plaintiff was approximately ten feet in front of him. Defendant also stated that it took about 200 feet to pass the automobile in front of him, and thus he would have traveled at least 200 feet in the eastbound lane. Since defendant maintained that plaintiff was standing in the middle of the eastbound lane and that he didn’t see plaintiff until he was almost on top of him, the jury might reasonably infer that defendant’s headlights were not properly working. At any rate, there was sufficient testimony on the matter to warrant giving the charge.
k[6] The final contention is that the trial court erred in overruling defendant’s objection to one of plaintiff’s expert medical witness’ use of a demonstrative “prop” (a femur) in testifying before the jury. Defendant does not complain of the “prop” as such but contends that its proposed use was not revealed at the pre-trial conference. Without belaboring the point, suffice it to say that defendant has failed to demonstrate that the trial court abused its broad discretionary power to conduct the litigation. See Henningsen v. Smith, 174 So.2d 85 (D.C.A.Fla.1965).
For the foregoing reasons the judgment appealed is affirmed.
HOBSON and PIERCE, JJ., concur.