480 So.2d 126 (1985)
Donald KLINE, Appellant,
v.
BELCO, LTD., d/b/a Banyan Bay Apts., Appellee.
No. 84-2157.
District Court of Appeal of Florida, Third District.
December 3, 1985.
Rehearing Denied January 13, 1986.
*127 Richard A. Bolton, North Miami Beach, for appellant.
J. Robert Miertschin, Steven R. Berger and Diane K. Kuker, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and DANIEL S. PEARSON, JJ.

REVISED OPINION
DANIEL S. PEARSON, Judge.
Kline, an unsuccessful plaintiff in a personal injury action arising from his alleged slip and fall on Belco's premises, appeals an order denying his motion for relief from judgment on the ground of newly-discovered evidence. The newly-discovered evidence, appended to Kline's motion, was a W-2 Wage and Tax Statement that indisputably showed that Kline had been employed, as he had testified at trial, by a certain jewelry manufacturer doing business as 14 Karat South. The significance of this evidence was that Kline's testimony that he was employed at 14 Karat South had been refuted at trial by the defendant's introduction of the obviously inaccurate testimony of the records custodian of 14 Karat South that the company's records *128 showed no such employment for Kline. We reverse and remand for a new trial.
Belco advances two reasons why we should sustain the trial court's ruling. The first is that the evidence now produced by Kline could have been discovered before the trial by the exercise of due diligence, and therefore should not be considered as a basis for a new trial. While it is true that had he anticipated the need to produce documentary evidence to corroborate his testimony concerning his employment, Kline could have come to the trial armed with his W-2, Kline had no reason to believe that the records custodian's testimony would not corroborate the fact of Kline's employment.[1] Under these circumstances, the fact that the evidence could have been produced at trial is irrelevant; the law does not require a party to anticipate that the opposing party will introduce inaccurate testimony and to have available at trial evidence to refute such testimony. Ogburn v. Murray, 86 So.2d 796 (Fla. 1956) (where plaintiff falsely testified to higher employment earnings before the accident, trial court erred in denying defendant's motion for new trial with affidavits attached from plaintiff's employers showing lower earnings). See Louisville & Nashville Railroad Co. v. Hickman, 445 So.2d 1023 (Fla. 1st DCA 1983), rev. dismissed, 447 So.2d 887 (Fla. 1984); Drew v. Chambers, 133 So.2d 589 (Fla. 1st DCA 1961). As the court stated in Ogburn, even if a party and his counsel are
"technically at fault in failing to have this evidence available at the trial, this court has said that the rules as to newly discovered evidence `are not inflexible and must sometimes bend in order to meet the ends of justice,' Gaither v. Anderson, 103 Fla. 1190, 135 So. 840, 139 So. 587, 588; and we think of no more appropriate situation for `bending' the rules than the one presented here, where the only reasonable and logical inference is that [the plaintiff] deliberately falsified his earnings."
Ogburn v. Murray, 86 So.2d at 798.
Belco also argues that the testimony of the records custodian was not critical to the central issue in the case, that is, whether Kline slipped and fell on Belco's property, but served merely to impeach Kline's credibility. Of course, the importance which Belco attached to the testimony of the records custodian belies its present claim that the testimony was benign. Moreover, although there was one other witness to Kline's slip and fall, Kline's ability to convince the fact-finder of Belco's liability was largely dependent on his credibility, and, therefore, any testimony from a purportedly disinterested witness concerning purportedly unassailable business records which undermined that credibility was critical. In the present case, Kline's credibility was severely damaged by what mistakenly appeared to the jury to be irrefutable proof that Kline had lied about his employment. Since the jury which found against Kline at trial was permitted to indulge the maxim falsus in uno, falsus in omnibus to find that Kline, having "lied" about his employment, was entirely unworthy of belief, we must conclude that this little "lie" likely affected the outcome of the trial and that evidence which would undo the "lie" will likely produce a different result upon a retrial.
Reversed and remanded for a new trial.
SCHWARTZ, C.J., concurs.
HUBBART, Judge (dissenting).
I must respectfully dissent. I would affirm in all respects the order under review which denied the plaintiff Donald Kline's motion to vacate judgment filed pursuant to Fla.R.Civ.P. 1.540(b)(2). I do not think that the trial court abused its discretion in denying this motion and reach this result for two reasons.
*129 First, it is undisputed that no showing was made, or even attempted, below  indeed, the plaintiff's motion to vacate contains no allegations thereon  that the newly discovered evidence herein could not have been discovered through the use of due diligence in time to move for a new trial. It should be noted that only a motion to vacate was filed in this case; a motion for new trial was never filed. Fla.F.Civ.P. 1.540(b)(2) provides that newly discovered evidence is a ground for vacating a final judgment when the evidence "by due diligence could not have been discovered in time to move for a new trial... ." Here, there is a total failure of proof below as to this essential requirement for post-judgment relief, which failure is fatal to the plaintiff's motion for post-judgment relief herein. The court in its opinion fails to address this issue.
Second, it is plain that no showing was made below that the newly discovered evidence in this case could not have been discovered prior to trial through the use of due diligence. This showing is also a prerequisite for relief under Fla.R.Civ.P. 1.540(b)(2). See Roberto v. Allstate Insurance Co., 457 So.2d 1148, 1150 (Fla. 3d DCA 1984); King v. Harrington, 411 So.2d 912, 915 (Fla. 2d DCA), pet. for review denied, 418 So.2d 1279 (Fla. 1982); accord Mitchell v. State, 43 Fla. 584, 591-92, 31 So. 242, 244 (1901); Milton v. Blackshear, 8 Fla. 161, 171-72 (1858). Without dispute, the W-2 form in question has been in the continuous possession of the plaintiff since its issuance and was readily available for the plaintiff's use prior to trial, which showing is fatal to the plaintiff's motion for post-judgment relief herein.
Moreover, the plaintiff is not excused from the above requirement, as the court herein holds, based on the authority of Ogburn v. Murray, 86 So.2d 796 (Fla. 1956). As the court itself concedes, the exception announced in Ogburn is applicable only where the "newly discovered" evidence refutes deliberately false testimony adduced at trial  on the theory that a party does not have to anticipate perjurious or false testimony at trial by having on hand appropriate evidence to refute same. The Ogburn exception is clearly inapplicable to the instant case because, as the court further concedes, the trial testimony of the records custodian herein, which the "newly discovered" W-2 form refutes, constitutes inaccurate, but not deliberately false testimony. Obviously, the records custodian had no motive to lie, had no interest in the outcome of the case, and did not deliberately lie about the plaintiff's lack of an employment history with the defendant Belco. He simply kept incomplete or inaccurate business records so that, when he searched those records, he was unable to discover any record that the plaintiff had ever worked for Belco. For that reason, Ogburn has nothing to do with this case.
The court, however, purports to extend the Ogburn exception to inaccurate  as opposed to deliberately false  trial testimony and orders a new trial based thereon. Specifically, the court holds: "the fact that the [newly discovered] evidence could have been produced at trial is irrelevant; the law does not require a party to anticipate that the opposing party will introduce inaccurate testimony and to have available at trial evidence to refute such testimony." (emphasis supplied) [at 128]. With all due respect, I think this holding considerably weakens  if not eviscerates  the general rule that, ordinarily, in order to obtain a new trial based on newly discovered evidence, one must show that the newly discovered evidence could not have been discovered prior to trial by the use of due diligence. By today's decision, such a showing is unnecessary as long as the new evidence refutes critical, but inaccurate testimony adduced at trial. This obviously allows a losing party post-trial to pick apart any critical trial testimony adverse to him by producing evidence, as here, which refutes such testimony, even though the "new" evidence could reasonably have been discovered prior to trial  and awards him a new trial based on such a showing. I suggest that this novel result  unsupported by Ogburn or any authority  casts a considerable cloud over the finality of jury verdicts *130 in this state and final judgments based thereon. Beyond that, I think a party should be required to anticipate that his opponent may produce inaccurate, as opposed to deliberately false, testimony at trial, and should be prepared to produce at trial any evidence reasonably available to him which refutes such testimony. Indeed, until today, I had always thought that this was the very essence of sound trial preparation by any reasonably competent trial counsel. All things considered, it is my view that the court's extension of the Ogburn case is ill-advised.
I would affirm.
NOTES
[1] The plaintiff made no claim for lost wages from this or any other employment. His testimony about having worked in the past at 14 Karat South was apparently a matter of background; it took on significance when the defendant set out to prove it a lie.