GERSTEN, Judge.
Appellants, Louis Morhaim and Lenore Morhaim, appeal the denial of their motion for relief from a judgment in favor of appellee, State Farm Fire & Casualty Company (State Farm). Appellants sued State Farm for State Farm’s denial of uninsured motorist coverage on a personal liability umbrella policy. We affirm.
At trial, Louis Morhaim testified that he had not made an informed rejection of excess uninsured motorist coverage. Mor-haim stated that State Farm’s agent, Ron Wetherington, told him that he [Morhaim] could not get excess uninsured motorist coverage.
Wetherington testified that he could not recall whether he offered excess uninsured motorist coverage to Morhaim. Wethering-ton testified, however, that it was his customary practice to offer uninsured motorist coverage to applicants for umbrella policies. Wetherington also testified that he had never refused or denied such coverage to any eligible applicant.
To buttress Wetherington’s testimony, State Farm introduced 18 applications for umbrella coverage, for the years 1983 and 1984, which were sold by Wetherington, into evidence. State Farm used these applications to demonstrate that Wethering-ton wrote personal liability umbrella policies where the applicants either accepted or rejected the uninsured motorists coverage.
The jury returned a verdict in favor of State Farm and a final judgment was entered. Appellants appealed that judgment, which this court affirmed. Morhaim v. State Farm Fire & Casualty Company, 530 So.2d 504 (Fla. 3d DCA 1988).
Appellants filed a timely motion for relief from judgment pursuant to rule 1.540(b), Florida Rules of Civil Procedure. The substance of appellants’ motion was that new evidence had been discovered, post-trial.
According to the motion and affidavits filed, Louis Morhaim contacted a number of persons who had signed the applications for personal liability umbrella policies submitted in evidence by State Farm. These people told Louis Morhaim that they had not made a knowing and informed choice as to excess uninsured motorist coverage. The trial court entered an order denying appellants’ motion for relief from judgment. This appeal followed.
Appellants contend the trial court erred in denying their motion for relief from judgment on the ground of newly discovered evidence because: (1) although they were aware of the 18 applications, they did not have sufficient time prior to trial to investigate them; and (2) they could not have anticipated Wetherington would give false testimony. We do not agree.
The requirements for granting a new trial on the basis of newly discovered evidence are: (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; and (5) that it is not merely cumulative or impeaching. McDonald v. Pickens, 544 So.2d 261 (Fla. 1st DCA), review denied, 553 So.2d 1165 (Fla.1989); Kline v. Belco, Ltd., 480 So.2d 126 (Fla. 3d DCA 1985), review denied, 491 So.2d 278 (Fla.1986); King v. Harrington, 411 So.2d 912 (Fla. 2d DCA), review denied, 418 So.2d 1279 (Fla.1982).
Here, the evidence could have been discovered before the trial by exercising due diligence. It is undisputed that 12 days prior to trial, appellants were shown the 18 applications for personal liability umbrella coverage sold by Wetherington. *1242 It is also undisputed that State Farm’s pre-trial catalog, filed nearly 7 weeks prior to trial, listed the 1984 umbrella policies sold by Wetherington as exhibits. We conclude, therefore, appellants have not met their burden of establishing due diligence. King v. Harrington, 411 So.2d at 915.
We recognize that the requirement of due diligence is not a legal absolute. A party is not required to anticipate false testimony and thus is not required to have discovered evidence that would refute the false testimony. McDonald v. Pickens, 544 So.2d at 264; Roberto v. Allstate Insurance Co., 457 So.2d 1148 (Fla. 3d DCA 1984).
In this case, however, there is no evidence that Wetherington gave false testimony. See McDonald v. Pickens, 544 So.2d at 264. Moreover, according to appellants’ motion for relief from judgment, appellants knew, prior to trial, that Wether-ington had stated he could not recall the substance of his conversation with Louis Morhaim, and, that State Farm had planned on introducing the 1983 and 1984 applications for personal liability umbrella coverage, sold by Wetherington. Appellants could have reasonably anticipated that Wetherington would testify that it was his routine practice to offer uninsured motorist coverage to eligible applicants for umbrella policies.
The rule is well-settled that “[a] new trial based on newly discovered evidence must be cautiously granted and is looked upon with disfavor.” King v. Harrington, 411 So.2d at 915; Dade National Bank of Miami v. Kay, 131 So.2d 24 (Fla. 3d DCA), cert. denied, 135 So.2d 746 (Fla.1961). Because appellants could have discovered the evidence before the trial by the exercise of due diligence, and having found the other grounds asserted by appellants to be without merit, the order appealed from is affirmed.