PER CURIAM.
We reverse the order of the Unemployment Appeals Commission that affirmed the appeals referee’s decision to deny unemployment compensation benefits, and remand for a new evidentiary hearing before the appeals *268 referee. The record contains no indication that Penton, a route salesman for Royal Crown Bottling Company terminated for alleged failure to follow his supervisor’s directions to service certain customers, was on notice that whether complaints were made to his supervisor by customers on his route reflecting dissatisfaction with service would be an issue for determination at the hearing before the appeals referee. Penton had no reason to anticipate that his supervisor would testify that such complaints had been made; and, given the informal nature of the proceedings below, Penton’s proffer to the Commission made after the hearing pursuant to rule 38E-3.005, Florida Administrative Code, consisting of signed statements from several of these customers stating that they had made no such complaints, was sufficient to require an evidentiary hearing thereon, since the appeals referee had accepted and relied upon the supervisor’s testimony in denying benefits. See generally Ogburn v. Murray, 86 So.2d 796 (Fla.1956); Alston v. Shiver, 105 So.2d 785 (Fla.1958); Louisville and Nashville R.R. Co. v. Hickman, 445 So.2d 1023 (Fla. 1st DCA 1983), pet. dismissed, 447 So.2d 887 (Fla.1984); Kline v. Belco, Ltd., 480 So.2d 126 (Fla. 3d DCA), rev. denied, 491 So.2d 278 (Fla.1986).
REVERSED AND REMANDED.
ZEHMER, C.J., and KAHN and VAN NORTWICK, JJ„ concur.