SALTER, J.
(concurring).
I concur in my colleagues’ decision that the unemployment compensation appeals referee’s findings of fact are grounded on competent, substantial evidence, and that the controlling statutory provisions were correctly applied to that evidence by the referee and the Commission. I write only to express a concern about the manner in which the Agency for Workforce Innovation (Agency) provides record materials— *577 or perhaps does not provide them — to the parties when an employee or employer appeals an adverse administrative determination.
In this ease, Mr. Lopez had worked for A Aaron Super Rooter, Inc., for three years before the events occurred that resulted in his claim for unemployment benefits. Mr. Lopez’s claim had an effective date of May 24, 2009, and he was determined on May 29, 2009, to be eligible for benefits of $275.00 per week. Over three months later, in a redetermination notice dated September 1, 2009, Mr. Lopez was notified that (a) the Agency had concluded that he was not in fact eligible for those benefits because he had “quit after receiving a justifiable disciplinary action” and “chose not to continue the employer-employee relationship,” and (b) he was not entitled to the eleven weekly payments he had received since the initial May determination (a total of $3,025.00), such that those were “overpayments” he was required to repay.
Section 443.151(3)(e)l., Florida Statutes (2009), expressly authorizes the Agency to “reconsider a determination if it finds an error or if new evidence or information pertinent to the determination is discovered after a prior determination or redeter-mination.” A redetermination ordinarily may not be made more than one year after the last day of the benefit year. In Mr. Lopez’s case, it appears that the “new evidence or information” obtained by the Agency consisted of four documents: (1) an Agency form UCB-412 filled out by the owner of the employer, Mr. Tuffy, and dated June 8, 2009, marked to claim that Mr. Lopez was discharged for misconduct; (2) an accompanying letter of the same date from Mr. Tuffy to the Agency alleging specific acts of misconduct[4] and identifying a secretary, a job supervisor, and a customer as persons with knowledge of those acts; (3) a further letter from Mr. Tuffy to the Agency dated July 27, 2009, explaining why Mr. Tuffy felt it was unfair to be charged unemployment compensation by “an employee that quit his job because he wanted to collect unemployment;” and (4) an Agency form UCB-208 containing handwritten entries dated August 24, 2009, apparently summarizing a telephone interview of Mr. Lopez by an interviewer from the Agency. There is no indication that copies of any of these four documents were provided to Mr. Lopez in advance of, or even during, his telephonic appeal hearing, and they were not received as evidence by the referee. The four documents were not part of the indexed record of Mr. Lopez’s claim, appeal, and hearing as filed here by the Commission.
However, we know the four documents were received by the Agency because the Commission attempted to file them as attachments to its answer brief in this Court. The Commission argued that the documents were the new evidence justifying a redetermination and disqualification (over three months after Mr. Lopez was determined to be eligible), and that the documents justified the addition of a “misconduct” issue in the notice of telephonic hearing by the office of appeals. Because there was nothing to indicate that the Commission record included the four documents, or that copies had been provided to Mr. Lopez, we granted his motion to strike the documents in the present case.
It is a logical inference that the Agency “adjudicator” who made the September 1, 2009, redetermination of disqualification *578 for benefits, and the appeals referee who then considered Mr. Lopez’s appeal, saw the four documents that Mr. Lopez apparently did not see until the Commission attempted to file them here. A review of the transcript of the administrative appeals hearing discloses that Mr. Lopez was not aware of the documents, and neither the referee nor Mr. Tuffy made reference to them.
If the documents had been provided to Mr. Lopez before his hearing, he might have been better able to prepare his defense to Mr. Tufty’s accusations. In addition, a review of Mr. Tufty’s letters before the telephonic hearing by the appeals referee may have “poisoned the well” and influenced the referee’s consideration of Mr. Lopez’s credibility. Basic fairness and due process afford a party, even in an informal process, the right to advance notice of the claims, witnesses, and other evidence to be presented against that party. Penton v. Royal Crown Bottling Co., 646 So.2d 267 (Fla. 1st DCA 1994).
The Agency’s Form UCA Bulletin 6E in the record before us states that “copies of all documents available to the referee are enclosed with the Notice of Telephonic Hearing” (paragraph 10) and that copies must be submitted to the referee and all parties if they are to be considered, “unless the right to view the documents is waived” (paragraph 11). In this case, the notice of telephonic hearing did not attach the four documents apparently considered by the Agency. There is no evidence that Mr. Lopez waived his right to view all documents available to the referee.
But the record before us does not establish reliably which persons and administrative entities saw the four documents, and when. We are not prepared to reverse the referee’s findings or the Commission’s af-firmance in this case on the basis of speculation. For the sake of future claims and cases, however, this concurrence will provide notice to referees and the Commission that this due process concern should be addressed.

. Many of these allegations are hearsay reports of what third party witnesses said, from purported declarants who did not testify during the only telephonic hearing in Mr. Lopez’s administrative appeal.