## STATE OF FLORIDA v. JOE SEARS

3 So. (2nd) 721
Division B
Opinion Filed September 5, 1941

J. Tom Watson, Attorney General, *Joseph E. Gillen* and *Woodrow M. Melvin,* Assistants Attorney General, for Appellant.

*Edgar W. Waybright, Sr.,* and *Waybright & Waybright,* for Appellee.

TERRELL, J.—This appeal is prosecuted by the State from an order of the trial court granting defendant's motion for a new trial as authorized by the Criminal Procedure Act, Chapter 19554, Acts of 1939.

Although, in seeking a reversal, the State has argued the several grounds set up in motion for new trial it does not appear necessary to discuss any grounds save the one of newly discovered evidence and whether it met the requirement of the Criminal Procedure Act. We therefore limit this treatment to that question.

Section 241 of the Criminal Procedure Act among other things provides that the court shall grant a new trial when "new and material evidence which if introduced at the trial would probably have changed the verdict or finding of the court, is discovered which the defendant could not with reasonable diligence have discovered and produced upon the trial."

The motion for new trial is supported by the affidavit of appellee and L. E. Sullivan, a witness to the encounter who was not found until after the trial.

Sullivan swears in substance that he is a resident of Jacksonville, that he witnessed the encounter between appellee and David Register which he detailed fully and that he did not know the appellee or his attorney before the trial. Joe Sears swears that he made every effort to locate all eye witnesses to the difficulty before the trial and did not know or locate Sullivan until after the trial though he exhausted every effort to do so.

The motion for new trial as supported by the affidavits is sufficient. It alleges that the evidence of Sullivan is new and material and that it was not discovered until after the trial though every means was exhausted to do so. The means employed to locate Sullivan is also shown. Whether or not Sullivan's testimony would have changed the verdict, we cannot speculate. It all related to the matter of self defense and this is a matter for the jury to determine.

The trial court had all the parties before him and held the motion and affidavits to meet the requirement of the statute. We do not feel that there is sufficient showing to reverse him on this point. The statute may have the effect of relaxing the rule heretofore followed as to the sufficiency of an affidavit in support of a motion for new trial on the ground of newly discovered evidence, but such affidavits should be carefully scrutinized and not permitted to prevail unless they conform to every requirement of the law.

The evidence of Sullivan is cumulative in a sense and would not be permissible under the old rule but it is material since he was a disinterested party and was the only eye witness to the encounter except the participants. Affidavits for new trial on the ground of newly discovered evidence should specify the means

used to secure the evidence in the first instance. The trial judge has a wide discretion in the matter of granting or denying them which we will not overthrow unless some abuse is shown. The mere affidavit of the defendant that he exercised diligence is not sufficient. He must show the degree and character of diligence he exercised.

The judgment is affirmed.

Affirmed.

WHITFIELD, acting C. J., CHAPMAN and THOMAS, J. J., concurring.

BROWN, C. J., absent, not participating.