187 So.2d 54 (1966)
Patricia Ann HANSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 65-826.
District Court of Appeal of Florida. Third District.
May 17, 1966.
Rehearing Denied June 21, 1966.
Robert L. Koeppel, Public Defender, and Don R. Livingstone and John K. Aurell, Special Asst. Public Defenders, for appellant.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and BARKDULL, JJ.
PER CURIAM.
In this case the appellant was placed on probation without adjudication of guilt[1] *55 upon the charge of unlawful possession of barbiturates. Fla. Stat. 1963, § 404.02(4),[2] F.S.A.
The appellant has challenged the sufficiency of the evidence to support her conviction and has assigned error upon the denial of her motion for new trial. We find that the evidence is sufficient in that it shows the possession of four tablets of seconal in an unmarked container, and that appellant's explanation of the possession of the drug was not sufficient to bring her within the exception contained in the statute.
Appellant's motion for a new trial alleges newly discovered evidence. The trial judge correctly ruled that the evidence was not such that it could not have been produced at the trial in the exercise of due diligence. Harvey v. State, Fla. 1956, 87 So.2d 582. Nevertheless, the proofs attached to the motion for new trial are such that it almost conclusively appears that the four tablets of seconal, for the possession of which the appellant was convicted, were actually obtained under a doctor's prescription. Such possession is not unlawful under the statute. We therefore conclude that, in the interest of justice, a new trial should be granted upon the basis that it is better to bend a rule of procedure than to use the rule to convict an innocent person. See Shepherd v. State, Fla.App. 1959, 108 So.2d 494. In so holding, we are cognizant of the rule that a trial judge has a wide discretion in ruling upon a motion for new trial and that his ruling will not be reversed unless some abuse of discretion is shown. See State v. Sears, 148 Fla. 89, 3 So.2d 721 (1941). However, in the instant case the evidence upon which the defendant sought a new trial is an absolute defense to a crime which requires no intent or overt act but is based solely upon possession. To allow a conviction such as this to stand, when there is a great probability that the accused is innocent, would be a gross miscarriage of justice.
Reversed and remanded with directions to grant the defendant's motion for new trial.
NOTES
[1] See section 948.01, Fla. Stat. 1963, F.S.A., which permits the withholding of an adjudication of guilt and the entry of an order granting probation. See also section 924.06, Fla. Stat. 1963, F.S.A., which permits an appeal from such orders.
[2] "404.02 Prohibited acts.  The following shall be unlawful:

* * * * *
(4) The actual or constructive possession or control of a barbiturate or a central nervous system stimulant by any person unless such person obtained such drug on the written prescription of a practitioner or unless such person obtained such drug by direct delivery from a practitioner for bona fide medical use, and except as provided in § 404.04."