PER CURIAM.
The petitioner was found guilty by a jury verdict of first degree murder with a recommendation for mercy. He was adjudged guilty and sentenced to prison for the rest of his natural life. His court-appointed counsel, after a motion for new trial was denied by the trial court, filed a notice of appeal which was not filed within the time allowed by the appellate rules and therefore this court dismissed the appeal. Subsequently the petitioner filed a motion to vacate and set aside judgment and sentence under former Criminal Procedure Rule No. 1, now Rule 1.8S0, CrPR, 33 F.S.A. Said motion was denied by the Circuit Court and this court affirmed such denial.
The petitioner then filed his petition for writ of habeas corpus in the Federal District Court for the Middle District of Florida. The Federal Court entered the following order:
“After issuing a show cause Order and receiving a Response thereto, this Court held a full evidentiary hearing on Petitioner’s allegations. Petitioner alleged several defects in the State court proceedings, but on only one issue — the ineffectiveness of counsel — did he come close enough to sustaining his burden of proof to warrant discussion by this Court.
“With regard to the pretrial and trial conduct of Petitioner’s court-appointed attorney, Petitioner did not meet his burden of proof. Standing alone, short conferences with a defendant do not render counsel ineffective; independent investigation is not necessary in every case. And, many of Petitioner’s allegations concerning the trial proved to be false, but even if they had been true, counsel would not have been ineffective. A defendant is not constitutionally entitled to a perfect counsel. Rather, relief will be granted only when counsel was so incompetent as to render the trial a farce or mockery of justice. See generally Williams v. Beto, 354 F.2d 698 (5 Cir., 1965). Such incompetence was clearly, not present in this case.
“Counsel, however, did fail to perfect a timely appeal and to discuss the question of taking an appeal with defendant. Since defendant never expressed a desire to appeal to any court official, he was not denied the right to appeal by the State. See, e. g., Edge v. Wainwright, 347 F.2d 190 (5 Cir., 1965). Nevertheless, by failing to perfect a timely appeal and to discuss an appeal with Petitioner, counsel proved himself ineffective in the post-trial stage. Wainwright v. Simpson, 360 F.2d 307 (5 Cir., 1966).
“Under these circumstances, Petitioner must be afforded a new trial unless the State can and will allow Petitioner an opportunity fully to raise on collateral attack all issues open to him on direct appeal. See Wainwright v. Simpson, 360 F.2d 307 (5 Cir., 1966); Cannon v. State, 181 So.2d 584 (Fla.Dist.Ct.App.1966).
“It is, therefore, upon consideration,
“ORDERED:
“Petition for Writ of Habeas Corpus by Orville Platt is granted. Respondent may retain Petitioner in custody for a reasonable time while the State determines whether to allow Petitioner the equivalent of a direct appeal, to retry him, or to release him. In the event the State decides to allow Petitioner the equivalent of a direct appeal, Respondent, of course, may retain Petitioner in custody pending conclusion of the appellate procedure.”
We have now granted the petitioner a full and complete review by way of habeas corpus equivalent to a direct appeal of the judgment and life sentence for the crime of murder in the first degree with a jury recommendation for mercy. See Hollingshead v. Wainwright, Fla.1967, 194 So.2d 577.
The petitioner has relied on eleven points on appeal raised by seventeen assignments of error. In his brief, and particularly in oral argument, he urges this court, the same as he urged the Federal Court, to grant him a new trial on the basis of the ineffectiveness of his court-appointed counsel. He *668 contends that his counsel represented him in such an inadequate manner as to amount to a denial of due process and rendered the entire trial a farce or mockery of justice. We have carefully reviewed the entire record of the trial and reach the same conclusion as did the Federal District Judge in his order quoted above, that such incompetency as to render the trial a farce or mockery of justice is clearly not present in this record.
We have carefully considered all other points on appeal and assignments of error and after a thorough examination of the record-on-appeal and a conscientious study of the briefs and law supporting the petitioner’s points relied on for reversal, find that no reversible error has been shown and further that petitioner, as is shown by the record, received a fair and impartial trial.
After affording the petitioner a full and complete appeal and finding no reversible error, the writ is hereby discharged.
LILES, C. J., and ALLEN and HOB-SON, JJ., concur.