PER CURIAM.
The appellant was defendant below, and was found guilty of the crime of second degree murder. He filed a motion for new trial, which was originally denied, but later said denial was vacated and the trial court reserved ruling thereon. A supplemental motion for new trial was subsequently filed, on the basis of which the court took testimony and ultimately denied the motion. The appellant’s position is that the court *433 erred in denying his motion for new trial when said motion was predicated upon newly discovered evidence that tended to exonerate him from guilt.
The trial of the case presented the jury with diametrically conflicting versions of the facts surrounding the victim’s death by shooting. The central conflict involved was whether the victim had been shot by the defendant as charged, or by one Jimmy B. Marshall, also known as “Fox”. Testifying that they had witnessed appellant Jones commit the murder were witnesses Betty Gray, and Jimmy “Fox” Marshall. The appellant himself, and witness Doris Donaldson both testified to the effect that the murder was committed by a person other than the appellant.
The guiding principles which control the granting of a new trial are found in § 920.04(3) Fla.Stat, F.S.A. The pertinent part of the statute provides:
“Grounds for new trial. — The court shall grant a new trial if any of the following grounds are established:
******
“(3) That new and material evidence, which if introduced at the trial would probably have changed the verdict or finding of the court, is discovered which the defendant could not with reasonable diligence have discovered and produced upon the trial.”
The evidence submitted by the appellant’s attorneys as grounds for the supplemental motion for new trial included the statements of two persons. Both of these persons gave accounts of the circumstances surrounding the murder, one being a direct eye witness to the crime, and the other being in very near proximity when the murder occurred. Moreover, testimony of one of these witnesses, in addition to implicating a person other than the appellant, also tended to impeach or discredit the testimony of the trial witness Betty Gray’s testimony that she was able to see the murder when it occurred. After carefully scrutinizing the statements taken from these two witnesses at the state’s attorney’s offices, we must conclude that the combined testimonies of the two witnesses certainly constitute “new and material evidence, which if introduced at the trial would probably have changed the verdict or finding of the court”.
As to the second criterion of § 920.-04(3), supra, i. e., that said evidence could not with reasonable diligence have been discovered and produced at trial, the statements taken from the above witnesses showed that they had made themselves unavailable during the actual trial for various personal reasons. Moreover, the above principle has been held to be “not inflexible and must be sometimes bent in order to meet the ends of justice * * Gaither v. Anderson, 103 Fla. 1190, 135 So. 840, 139 So. 587 (1932). See also Hanson v. State, Fla.App.1966,187 So.2d 54.
In Hanson, supra, the appellant’s motion for a new trial, alleging newly discovered evidence, was denied by the trial court. This court recognized that the trial judge was correct when he ruled that the evidence was not such that it could not have been introduced at the trial in the exercise of due diligence. However, the particular newly discovered evidence in question would have provided an absolute defense to the crime for which the appellant was convicted. Thus weighing the two interests presented to the court, we held as follows:
“We therefore conclude that, in the interest of justice, a new trial should be granted on the basis that it is better to bend a rule of procedure than to use the rule to convict an innocent person. See Shepherd v. State, Fla.App.1959, 108 So. 2d 494. In so holding, we are cognizant of the rule that a trial judge has wide discretion in ruling upon a motion for new trial and that his ruling will not be reversed unless some abuse of discretion is shown. See State v. Sears, 148 Fla. 89, 3 So.2d 721 (1941).” Id. at 55.
*434 In view of the principles of law and interests of justice demonstrated above, we must conclude that the trial judge erred when he refused to grant the appellant’s supplemental motion for a new trial. Therefore, the judgment appealed is reversed and the cause is remanded with directions to enter an order for a new trial and further proceedings in accordance therewith.