PIERCE, Judge
(dissenting).
I would affirm, because—
(1) I seriously doubt if CrPR 1.850 is available for post-conviction relief on the ground of allegedly new evidence discovered after judgment and sentence (Dade National Bank of Miami v. Kay, Fla.App. 1961, 131 So.2d 24; Springer v. Morris, Fla. 1954, 74 So.2d 781; Florida East Coast Railway Company v. Knowles, 1914, 68 Fla. 400, 67 So. 122; Vining v. American Bakeries Company, 1935, 121 Fla. 116, 163 So. 396);
(2) If the ground of allegedly newly discovered evidence is available for relief at all after judgment and sentence, I believe habeas corpus, rather than CrPR 1.850, would be the appropriate remedy, because the ground for relief, namely, the discovery of new and material evidence, occurred after the judgment and sentence (Powe v. State, Fla.1968, 216 So.2d 446; Platt v. Wainwright, Fla.App.1968, 208 So.2d 666; Baggett v. Wainwright, Fla.1969, 229 So.2d 239, and O’Hara v. Wainwright, Fla.App.1970, 233 So.2d 429); and
(3) On the record before us, I could not conscientiously say that the trial Judge abused his discretion in denying the motion for post-conviction relief in his findings on the evidence adduced before him (State v. Sears, 1941, 148 Fla. 89, 3 So.2d 721; Cash v. State, Fla.App.1968, 207 So.2d 18; and Hoover v. State, Fla.App.1968, 212 So.2d 95).