294 So.2d 46 (1974)
In re ESTATE OF Ira C. HILL, Jr., a/k/a Ira Charles Hill, Jr., Deceased.
No. 73-1088.
District Court of Appeal of Florida, Third District.
April 30, 1974.
Alfred D. Bieley, Miami, for appellant.
George E. Barket and Richard M. Gale, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
This is an appeal from an order of the probate division of the circuit court determining beneficiaries of the estate of the decedent, who died intestate.
The trial judge ruled that appellant Ruby Hill was not the common-law wife of the decedent,[1] and the two children born of their union by virtue of Fla. Stat. § 731.29, F.S.A. are not legal heirs of the decedent.
Secondly, the court ruled that two other children born of an earlier marriage with one Henrietta Hunter Hill, are the legal heirs of the decedent and beneficiaries of his estate.
The appellant first challenges the court's determination that no common-law marriage was proved. The record demonstrates that the judge made a clear finding based on the appellant's testimony that the *47 decedent promised to legally marry her at a future date, and therefore the purported common-law marriage lacked the element of mutual assent. See Dandy v. Dandy, Fla.App. 1970, 234 So.2d 728. We find that the record fully supports the court's ruling on that question.
Appellant next attacks the court's ruling that the twin children of appellant, Ruby Hill and the decedent, were not legal heirs and therefore were not eligible to inherit from the estate. The appellant has presented this issue in three separate points on appeal; however, for purposes of our determination, these points may be combined into a single question.
The crux of appellant's argument is that the trial court erred by entry of an order denying her a new trial or rehearing on the ground of newly discovered evidence.
In its final order, the trial judge relied on Fla. Stat. § 731.29(1), F.S.A.,[2] in effect ruling that the twin children of the appellant and the decedent were illegitimate and could not inherit from their father's estate because there was no writing signed in the presence of a competent witness acknowledging the decedent to be the father.
On the day after the court entered its order, counsel for the appellant was served by the guardian ad litem for the decedent's two other children with a notice of taking of a deposition of the appellant and with a notice to produce a certain life insurance policy. This was the first time appellant's counsel was made aware of the policy.
It turned out that the policy contained an acknowledgment by the decedent, in the presence of a competent witness, that the children of the appellant were his children. Had this document been produced at the hearing a few days earlier, the result would have been different.
Therefore, we think that the motion for a new trial or a rehearing should have been granted and an order entered determining the two children born of the union between the appellant and the decedent to be lawful beneficiaries of the estate.
Generally, a motion for a new trial based on the ground of newly discovered evidence will not be granted unless certain requirements are met. Ogburn v. Murray, Fla. 1956, 86 So.2d 796; Alston v. Shiver, Fla. 1958, 105 So.2d 785. However, the general rule pertaining to newly discovered evidence is not inflexible, and one specific exception to the rule is where the new evidence likely will change the result. Alston v. Shiver, Ibid.
In the instant case, the new evidence clearly brought the appellant's children within the provisions of Section 731.29(1). Moreover, the record would indicate that the appellee at the time of the hearing did have knowledge of the insurance policy, and appellant's counsel did not. We do not think that a sufficient showing has been made that appellant's counsel failed to exercise due diligence in ascertaining from his client, Ruby Hill, that she knew of the policy and had the same in her possession.
We also point out that when construing Section 731.29, which affords an illegitimate child a legitimate status, our courts have given the statute a liberal construction. See, In re Estate of Caldwell, Fla. 1971, 247 So.2d 1.
*48 Therefore, for the reasons stated, that part of the order appealed determining that appellant, Ruby Hill, is not the decedent's common-law wife is affirmed. The trial court's determination that the children of Ruby Hill and the decedent are not legal heirs is hereby reversed.
Affirmed in part; reversed in part.
NOTES
[1] It is noted that the alleged common-law marriage between the appellant and the decedent was entered into in July, 1964 before enactment of Fla. Stat. § 741.211, F.S.A. which invalidated common-law marriages entered into after January 1, 1968.
[2] The statute reads as follows:

"Illegitimate child as heir 
"(1) Every illegitimate child is an heir of his mother, and also of the person who, in writing, signed in the presence of a competent witness, acknowledges himself to be the father. Such illegitimate child shall inherit from his mother and also, when so recognized, from his father, in the same manner as if the child had been born in lawful wedlock. However, such illegitimate child does not represent his father or mother by inheriting any part of the estate of the parents' kindred, either lineal or collateral, unless his parents have intermarried, in which event such illegitimate child shall be deemed legitimate for all purposes."