PER CURIAM.
Defendant, Michael Hudson, appeals his conviction for aggravated battery arising *634 out of a barroom altercation and contends that the trial court erred in denying his motion for new trial on the ground of newly discovered evidence.
The evidence consisted of a post-trial admission of the victim, Dorothy Jackson, that several weeks prior to the subject altercation she was involved in another altercation wherein she displayed a firearm in a threatening manner. Defendant argues that this admission gave Jackson a reputation for propensity to carry and use firearms, and this reputation was known to him so as to give him a well founded belief that the use of deadly force by him was necessary to prevent imminent death or great bodily harm being inflicted by Jackson.
A motion for new trial will not be granted for newly discovered evidence unless such evidence is discovered after trial; due diligence is exercised to present it at trial; it goes to the merits of the case and not merely to impeach a witness who testified; it is not cumulative and it is such as would produce a different verdict. Harvey v. State, 87 So.2d 582 (Fla.1956); Weeks v. State, 253 So.2d 459 (Fla.3d DCA 1971).
Under these controlling principles of law, we find that no reversible error has been made to appear. First, Jackson testified at the trial; nevertheless, defense counsel did not question her with respect to the prior altercation or reputation for violence even though both defendant and his brother, Reuben, testified that she, in fact, had such a reputation. Thus, we find the required exercise of due diligence to be lacking. Second and more important, Jackson’s admission was merely cumulative. Reuben, an eye-witness, testified on behalf of his brother Michael, that he had advised Michael that Jackson carried a pistol. The defendant also testified that Jackson approached him with her hand in her pocketbook and fearing she had a weapon, that’s when he swung at her. Further, there was testimony that the defendant knew Jackson had a bad reputation.
We, therefore, find no abuse of discretion in denying the motion for new trial on the ground of newly discovered evidence. Cf. Luster v. State, 262 So.2d 910 (Fla.3d DCA 1972); Dames v. State, 314 So.2d 171 (Fla.3d DCA 1975) and see State v. Sears, 148 Fla. 89, 3 So.2d 721 (1941).
Affirmed.