DOWNEY, Judge.
The husband in a dissolution of marriage proceeding appeals the final judgment which, among other things, awarded him $3400 as his interest in the appreciation of the marital residence and for work done thereon during the short term marriage of the parties.
Prior to the marriage the parties entered into a prenuptial agreement in which they had agreed that the marital residence would remain the property of the wife. However, if the property appreciated during the marriage they were to equally divide the value of the appreciation. The final judgment stated “[tjhat by virtue of the Pre-nuptial Agreement, the husband is entitled to an equity of $3400 in the property.” At the close of the trial the court announced to counsel that the property had increased $4800 in value during the marriage; that each party was entitled to one-half of the appreciation; and in addition, the husband was entitled to $1000 for work he had done on the house. In reaching this conclusion the trial judge stated, “It has been my experience generally that property appreciated one percent a month during this period of time.” This would appear to be the basis upon which the trial judge made his determination of the appreciated value of the property, because there is no other competent evidence in the record upon which that determination could be made.
From our perusal of the record and briefs we conclude that the ends of justice would be best served by a remand of this case for further proceedings so that each side can adduce evidence of the appreciated value of the property.
Accordingly, that portion of the final judgment finding the appreciated value of the property was $4800 is reversed and the cause is remanded for further proceedings consistent with this opinion.
HERSEY and HURLEY, JJ., concur.