416 So.2d 10 (1982)
Derrick JACKSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1322.
District Court of Appeal of Florida, Third District.
June 8, 1982.
Piken & Snyder and Barry M. Snyder, North Miami, for appellant.
Jim Smith, Atty. Gen., and Alan T. Lipson, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, DANIEL S. PEARSON and FERGUSON, JJ.
SCHWARTZ, Judge.
We reverse the conviction under review because the trial court was in manifest error in denying the defendant's motion for new trial based on newly discovered evidence. It clearly appeared that the directly exculpatory testimony of two separate additional witnesses both would probably have changed the result of the trial, at which the evidence against Jackson, while legally sufficient, was highly dubious and uncertain, Fla.R.Crim.P. 3.600(a)(3); Jones v. State, 233 So.2d 432 (Fla. 3d DCA 1970), and, of less significance, was not previously discoverable in the exercise of reasonable diligence. See Webb v. State, 336 So.2d 416 (Fla. 2d DCA 1976); Jones v. State, supra. Even were the latter technically not the case, the due diligence requirement is not an inflexible one. Gaither v. Anderson, 103 Fla. 1190, 135 So. 840, 139 So. 587 (1932). On this record, we conclude that the achievement of the ends of justice  which is the paramount, indeed the exclusive interest which concerns us  requires that a jury hear the witnesses in question before the defendant may be convicted and imprisoned for the crime with which he is charged. Hence, that new trial must be afforded him. Jones v. State, supra; Hanson v. State, 187 So.2d 54 (Fla. 3d DCA 1966).
Reversed.[1]
NOTES
[1] We specifically note our total disapproval of the trial court's at best presumptuous ruling denying Jackson bond pending appeal because, in part, there were no "fairly debatable" grounds for reversal. This ruling was shortly thereafter reversed by this court on review under Fla.R.App.P. 9.140(e)(4).