434 So.2d 907 (1983)
R.E. RAGEN, Appellant,
v.
PARAMOUNT HUDSON, INC., Appellee.
No. 82-1382.
District Court of Appeal of Florida, Third District.
April 26, 1983.
As Amended on Denial of Rehearing August 11, 1983.
S. Melvin Apotheker, Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Ronald P. Weil, Miami, for appellee.
Before SCHWARTZ, C.J., FERGUSON, J. and HELIO GOMEZ, Associate Judge.
SCHWARTZ, Chief Judge.
We hold that the trial court erroneously denied the defendant-appellant's Fla.R.Civ.P. 1.540 motion to set aside the judgment against him on the basis of newly discovered evidence. The proffered unequivocal testimony of an independent witness that a previously sunken boat was not the one allegedly sold to the plaintiff would probably have changed the result of the trial, in which compensatory and punitive damages were assessed on the basis of interested and uncertain evidence that it was. *908 Dade National Bank of Miami v. Kay, 131 So.2d 24 (Fla. 3d DCA 1961), cert. denied, 135 So.2d 746 (Fla. 1961). In addition, under the circumstances, it appears that reasonable diligence was exercised to discover the evidence in question. Dade National Bank of Miami v. Kay, supra. With regard to the latter factor, moreover, it has been repeatedly held that the due diligence requirement is not a legal absolute. Jackson v. State, 416 So.2d 10 (Fla. 3d DCA 1982); In re Estate of Hill, 294 So.2d 46 (Fla. 3d DCA 1974). When, as here, it is likely that a correctable injustice has been done, we will not hesitate to order that a new trial be conducted based on all the available evidence. Jackson v. State, supra; Van Note v. State, 366 So.2d 78 (Fla. 4th DCA 1978), cert. denied, 376 So.2d 76 (Fla. 1979). The order under review is therefore reversed and the cause remanded with directions to vacate the final judgment and to set the cause for trial.
Reversed.