456 So.2d 1278 (1984)
MONARCH CRUISE LINE, INC., Appellant,
v.
LEISURE TIME TOURS, INC., and Leisure Time Travel, Inc., Appellees.
No. 83-2074.
District Court of Appeal of Florida, Third District.
October 2, 1984.
*1279 Shutts & Bowen and Glenn G. Kolk, Miami, for appellant.
Hugh F. Quinn, Miami, for appellees.
Before HENDRY, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
This is an appeal by Monarch Cruise Lines, Inc. from an order granting a rehearing to the plaintiffs/appellees, Leisure Time Tours, Inc. and Leisure Time Travel, Inc., following a non-jury trial.[1]
The grounds stated in the order under appeal were as follows:
"(a) It is apparent to the Court that counsel for the plaintiffs may have been misled into a premature trial based upon the pre-trial stipulation entered into between the parties.
(b) That justice requires that there be a full and complete trial of all of the issues at one time, and not in a bifurcated manner as was done heretofore."
The parties went to trial expecting that the hearing would be bifurcated, as had been stipulated to and approved by the court. However, after hearing the evidence presented by both parties the court announced that it would enter a final judgment on the basis of the evidence presented.
The appellees contend that they were misled by the court, resulting in their failure to be fully prepared for the hearing in that a material witness was not then available to testify.
Appellant's point on appeal is that the trial court erred in granting a rehearing without any proof of the alleged new evidence or showing as to why it was not presented at the hearing. We find appellant's contention to be without merit, and affirm.
In reviewing this type of discretionary act of the trial judge, the appellate court should apply the reasonableness test to determine whether the trial court abused its discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. Ford Motor Co. v. Kikis, 401 So.2d 1341 (Fla. 1981); Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980). The ruling should stand, unless it appears that there was a clear showing that the trial court abused its discretion. *1280 Castlewood International Corp. v. LaFleur, 322 So.2d 520 (Fla. 1975); Cloud v. Fallis, 110 So.2d 669 (Fla. 1959).
The record in this case does not establish that the trial court abused its discretion in granting appellees' motion for a rehearing on the grounds set forth in the order. Accordingly, the order appealed is affirmed.
Affirmed.
NOTES
[1] We have jurisdiction, pursuant to Rule 9.110(a)(3), Fla.R.App.P., since the order in effect grants a new trial.