457 So.2d 1148 (1984)
Elaine ROBERTO, Appellant,
v.
ALLSTATE INSURANCE CO., a Foreign Insurance Carrier, Appellee.
No. 84-218.
District Court of Appeal of Florida, Third District.
October 23, 1984.
*1149 Gerald E. Rosser, Miami, for appellant.
Spencer, Taylor & Homer and W. Thomas Spencer, Miami, for appellee.
Before HENDRY, HUBBART and BASKIN, JJ.
HENDRY, Judge.
Roberto appeals from the order granting Allstate Insurance Co. (Allstate) a new trial on the issue of Roberto's residence and/or setting aside the verdict. The order was based on the fact of newly discovered evidence of fraud, pursuant to Rules 1.530 and 1.540, Florida Rules of Civil Procedure.
Roberto was injured in an automobile collision while riding her bicycle. She sued Allstate when it refused to continue paying her medical and lost wages claim under an insurance policy issued to her husband. The policy, in pertinent part, defined the insured as the policyholder named on the declarations page and that policyholder's resident spouse. "Resident", as defined in the policy, meant "the physical presence in your household with the intention to continue living there."
The matter was tried non-jury and resulted in a final judgment for Roberto in the amount of $905. The issue at trial, as framed by the pleadings, was whether Roberto needed further medical care. The issue of Roberto's residence at the time of the accident, March of 1982, was never raised as Roberto had given her husband's address as her own to the hospital and treating physicians, to the police officer investigating the accident and to the insurance company when she filed her claims and no-fault insurance benefit applications. Additionally, Roberto had testified in her *1150 deposition that she had moved out of her husband's household in September, 1982.
Shortly after trial, Allstate moved for a new trial and relief from judgment. Accompanying the motion was a series of affidavits wherein it was stated that Roberto had been living apart from her husband since March, 1981. The affiants were document custodians of Allstate claims, the voter registration bureau, Southern Bell Telephone Co., Florida Power & Light, Roberto's apartment complex and Roberto's past employer, Grand Union. Allstate additionally submitted the petition for dissolution of marriage filed by Roberto's husband on March 3, 1983 and Roberto's answer which acknowledged and admitted that Roberto had been separated from her husband since March, 1981.
The trial court, after considering the affidavits and arguments of counsel, granted Allstate's motion and ordered a new trial on the issue of whether Roberto was a resident of her husband's household at the time of the accident.
Roberto contends that the trial court erred in granting a new trial where the evidence was discoverable prior to trial. This contention is based on the fact that during discovery, Allstate subpoenaed the record custodian of Roberto's employer, Grand Union. The records produced by Grand Union included Roberto's application for employment dated July 20, 1981 wherein the address of Roberto was different from her husband's.
The requirements for granting a new trial on the ground of newly discovered evidence are: 1) that the evidence is such as will probably change the result if a new trial is granted; 2) that it has been discovered since the trial; 3) that it could not have been discovered before the trial by the exercise of due diligence; 4) that it is material to the issue; and 5) that it is not merely cumulative or impeaching. Alston v. Shiver, 105 So.2d 785 (Fla. 1958); City of Winter Haven v. Tuttle/White Constructors, Inc., 370 So.2d 829 (Fla. 2d DCA 1979); Dade National Bank of Miami v. Kay, 131 So.2d 24 (Fla. 3d DCA), cert. denied, 135 So.2d 746 (Fla. 1961). The requirement of due diligence, however, is not a legal absolute, Ragen v. Paramount Hudson, Inc., 434 So.2d 907 (Fla. 3d DCA 1983), rev. denied, 444 So.2d 417 (Fla. 1984); Jackson v. State, 416 So.2d 10 (Fla. 3d DCA 1982); In Re Estate of Hill, 294 So.2d 46 (Fla. 3d DCA 1974). A party is not required to anticipate false testimony from the opposing party and is therefore not required to discover evidence which would refute the false testimony. Louisville & Nashville Railroad Co. v. Hickman, 445 So.2d 1023 (Fla. 1st DCA 1983), rev. dismissed, 447 So.2d 887 (Fla. 1984). Additionally, where it is shown that the prevailing party knowingly gave or used false testimony, a new trial is allowable at the court's discretion without it first being shown that the newly discovered evidence would produce a different result. Alston v. Shiver, supra; Gaiter v. Winn Dixie Stores, Inc., 376 So.2d 912 (Fla. 3d DCA 1979).
In reviewing this type of discretionary act of a trial judge an appellate court must apply the reasonableness test to determine whether the trial court abused its discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. Ford Motor Co. v. Kikis, 401 So.2d 1341 (Fla. 1981); Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980); Cloud v. Fallis, 110 So.2d 669 (Fla. 1959); Staib v. Ferrari, Inc., 391 So.2d 295 (Fla. 3d DCA 1980). Discretion is abused when the judicial action is arbitrary, fanciful or unreasonable. Weems v. Dawson, 352 So.2d 1196 (Fla. 4th DCA 1977), cert. denied, 359 So.2d 1221 (Fla. 1978). An appellate court will not reverse an order granting a new trial absent a showing of a clear abuse of discretion. Castlewood International Corp. v. LaFleur, 322 So.2d 520 (Fla. 1975); Saunders v. Smith, 382 So.2d 1254 (Fla. 4th DCA), dismissed, 389 So.2d 1114 (Fla. 1980); Monarch Cruise Line, Inc. v. Leisure Time Tours, Inc., 456 So.2d 1278, (Fla. 3d DCA 1984).
*1151 The record herein does not reflect, nor do we find, that the trial court abused its discretion in ordering a new trial on the issue of Roberto's residence at the time of the accident and/or setting aside the verdict and we accordingly affirm the order under review.
Affirmed.