LETTS, Judge.
In the final judgment of dissolution, the trial judge specifically found that the property settlement agreement was freely entered into by the parties after full disclosure and was in the best interest of the parties and their children. Thereafter, at a later date, when the husband sought to enforce a certain portion of the property settlement agreement, another trial judge revisited the circumstances of the agreement and held it void because it was pro *4 cured by duress and overreaching. We are of the view that the latter judge was in error and we reverse him. Pumo v. Pumo, 405 So.2d 224 (Fla. 3d DCA 1981).
Accordingly, we remand this case. However, at this point the parties own the marital home as tenants in common and the husband is required to convey the property to the wife upon payment to him of $15,-000. The court should hold an evidentiary hearing to decide when and how the wife can raise this money; if necessary, by way of a second mortgage. If it transpires that she is not immediately capable of raising this sum, the court has the power to leave her in possession for a reasonable time which we hold shall not exceed one year from the date of this opinion.
The remainder of the final judgment is affirmed in all respects.
REVERSED AND REMANDED.
HERSEY and GLICKSTEIN, JJ., concur.