ON SECOND AMENDED MOTION FOR RECONSIDERATION
SHIVERS, Judge.
The issue in this case is the propriety of the Real Estate Commission’s (Commission) order denying appellant’s Second Amended Motion for Reconsideration. Upon review of the record in this case, we reverse the Commission’s decision and remand this case to the hearing officer for a new hearing based on all the available evidence.
The dispute in this case originated when Beverly Lockner and her husband entered into a contract with Pamela J. Darr and her husband by which the Lockners were to buy the Darrs’ house in Fort Myers, Florida. Appellant Mary Cluett was the real estate agent involved in the transaction. The scheduled date for closing was March 14, 1985. However, on that date, the parties were told by Mrs. Cluett that the paperwork was not ready for closing. Because the Darrs had already moved out of the house and into a leased apartment, and because the Lockners had travelled from Baltimore with their furnishings to move into their new home, Mrs. Darr agreed to let the Lockners move into the house that day and pay rent for the rest of the month.
The contract for sale and purchase signed by Lockner and Darr contained the following provision:
Purchase Price.$44,000 Payment
(a) Deposits) to be held in escrow by Cluett Realty, Inc. secured by Promissory Note to be redeemed 2/26/85.$500
On March 14, 1985, Mrs. Lockner gave Mary Cluett $1,500, $500 of which was to redeem the note that Mrs. Lockner had given Mary Cluett as a deposit for the transaction. Mrs. Lockner received a receipt marked “escrow deposit on property, 598 New York Avenue.” On March 22, 1985, Mrs. Lockner gave Mary Cluett $500 and received a receipt marked “escrow, Darr/Lockner.” On April 15, 1985, the Lockners gave Mary Cluett another $500 in the form of two checks. The total of $2,500 was placed in the Cluett Realty, Inc. escrow account.
Although the Lockners were living in the house as of May 14, 1985, the Lockner/Darr transaction did not actually close until June 10,1985. In the meantime, on March 26, 1985, and April 25, 1985, Mary Cluett paid the Darrs’ mortgage payments for April and May with checks drawn on the Lockners’ escrow account in the amount of $425.38 each, payable to the United Mortgage Company. As a result of this action, a complaint was filed against Mary Cluett for violations of sections 475.-25(l)(b) and (k), Florida Statutes, charging Mary Cluett with breach of trust and failure to maintain escrowed funds until disbursement is properly authorized. A hearing was held on June 12, 1986, and addi *353 tional testimony, in the form of a post-hearing deposition of Mrs. Lockner, was taken on July 18, 1986.
The issue at the hearing was whether consent was given for Mary Cluett’s disbursement of monies from the escrow account. On August 29, 1986, the hearing officer submitted a Recommended Order that contained the following conclusions:
4. ... It is also clear that the Lockners did not consent to the use of the es-crowed funds for mortgage payments; and, while Pamela Darr knew about the use of the funds, she did not know they were intended by the Lockners for the balance required at closing....
6. Petitioner presented substantial convincing evidence that Mary Cluett committed a breach of trust and failed to maintain escrowed funds until properly authorized.
In conclusion, the hearing officer found that Mary Cluett had violated section 475.-25(l)(b) and (k). The hearing officer recommended that Mary Cluett be fined $500 and that Mary Cluett’s real estate license be suspended for one year. On September 16, 1986, the Florida Real Estate Commission entered a Final Order which adopted the hearing officer’s recommendations. On October 17,1986, Mary Cluett filed a notice of appeal to this court. On July 13, 1987, we entered an opinion affirming the Commission’s order per curiam.
In response to our affirmance of the Commission’s Final Order, Mary Cluett filed a Motion for Reconsideration on July 27, 1987. The motion, which was based on Mrs. Cluett’s representation that a material witness for the prosecution had recanted her testimony, contained the following allegations:
The Commission’s only material witness in this case has clarified her testimony and as a result the Commission has no evidence to prosecute the Respondent. The original Affidavit of BEVERLY LOCKNER, dated July 21, 1987 is attached.
In her affidavit, Mrs. Lockner stated, among other things, that “Mrs. Cluett paid mortgage payments for Darr out of the money that I had given her, and would give me notices to that effect on several occasions.” Mrs. Lockner also stated in her affidavit that she knew that Mrs. Cluett was using the money in the escrow account to make the payments to the mortgage company.
On August 6, 1987, and September 30, 1987, Mary Cluett’s attorney filed identical Motions to Relinquish Jurisdiction requesting this court to relinquish jurisdiction to the Commission so that the Commission could reconsider its final order in light of Mrs. Lockner’s affidavit. On October 28, 1987, this court granted Mary Cluett’s Motion to Relinquish Jurisdiction.
On November 4, 1987, Mary Cluett filed a Second Amended Motion for Reconsideration and submitted a second affidavit of Beverly Lockner, dated October 8, 1987. Mrs. Lockner’s second affidavit was worded as follows:
It has come to my attention that there is still some confusion over whether my husband and myself and PAMELA DARR and her husband knew about and permitted the use of various sums of money I had deposited into CLUETT’S escrow account to use for mortgage payments. The fact is that all of us, including Mary Cluett and the Darrs had discussions before, during, and after these deposits. Pam Darr said she didn’t care where the money was coming from. She knew I had given it to CLUETT, and she wanted her mortgage paid while we were living in her house. I told her that Mary Cluett was paying it for me and she said she knew and had given Mary her payment book to pay the mortgage. My husband and I had given our permission to use the money, as I have already stated.
On February 18, 1988, this court entered a second order temporarily relinquishing jurisdiction to the Commission and specifically directing the Commission to hold a hearing on the Second Amended Motion for Reconsideration.
On March 15, 1988, the members of the Commission met to hold a hearing on Mary Cluett’s Second Amended Motion for Re *354 consideration. At the hearing, the commissioners were presented with Mrs. Lockner’s affidavit in which she recanted her prior testimony and swore that she had given Mary Cluett the authority to transfer escrow funds to pay the Darrs’ mortgage for the months that the Lockners lived in the home prior to closing. Mary Cluett’s attorney argued that Mrs. Lockner’s affidavit and new testimony nullified the hearing officer’s original conclusions of law which were based upon Mrs. Lockner’s previous testimony that she had not given consent to Mary Cluett to use the escrowed funds for mortgage payments. Mary Cluett’s attorney suggested that the Commission could do one of two things: (1) enter an amended final order vacating the previous order and dismissing all charges against Mary Cluett, or (2) grant a new hearing so that the hearing officer might reconsider the case in light of Mrs. Lockner’s new testimony. The Commission’s attorney argued that even if the hearing officer was presented with Mrs. Lockner’s sworn statement that consent was given, it is clear from the record that the Darrs did not give their consent to have the funds removed from the escrow account to pay the mortgage. The Commission’s attorney argued that consent of both parties must be given before an escrow agent is authorized to disburse escrow funds.
After the commissioners heard the arguments of counsel, they discussed the procedural aspects of the case and, in particular, the Commission’s duties and responsibilities at the hearing. A review of the transcript of the hearing reveals considerable confusion in this regard. Mr. Babcock, the chairman of the Commission stated his opinion as follows:
MR. BABCOCK: ... I think the question that you have to decide in your mind is one, I believe, of jurisdiction as far as the Commission is concerned. As I remember correctly, we have a request for formal hearing before the Department of Administration. The hearing was upheld. The results came to the Commission. The Commission took action on that, passed out of our hands and went to the Court. The Court affirmed; came back to us that it was affirmed. Then came a Motion for [Reconsideration], which was taken from the Court to us. I think we denied it. We said we didn’t want to hear it again, period, because it’s out of our hands. The Chair would feel that it’s in the hands of the Court.
However, Mr. Mitchell, an assistant attorney general who was present at the hearing, corrected Mr. Babcock as follows:
MR. MITCHELL: If I might correct the Commission on that, the matter is in the hands of the Commission. The District Court of Appeals has relinquished jurisdiction for the purpose of this Second Amended Motion for Reconsideration. Jurisdiction does lie with the Commission at this point.
[[Image here]]
MR. MITCHELL: ... In other words, you granted her the right to present that Second Amended Motion for Reconsideration, and the second step of your order needs to reflect whether or not you’re going to grant the relief requested or whether or not the information supplied to you on the Second Amended Motion does not change the result and therefore deny any relief requested.
At the conclusion of the hearing, the Commission denied Mrs. Cluett’s Second Amended Motion for Reconsideration by a three to two vote. Mr. Babcock, who voted with the majority in denying Mrs. Cluett’s motion, expressed his reasons for his vote denying the motion as follows:
MR. BABCOCK: ... I feel that the matter is more properly in the hands of the Court than it is in the Commission at this point in time. The Commission has filed [sic] [followed] the procedural clause that is set up under the law for it to follow. If there is new evidence, it should be properly presented in the District Court of Appeals while the case is still pending. And I feel it’s completely out of the hands of the Commission that — once we take action on it and it leaves us and goes to the Court of Appeals, I think that’s where we are through with it.
*355 On March 23, 1988, the Commission entered an order formally denying Mary Cluett’s Second Amended Motion for Reconsideration. The transcript of the hearing and the Commission’s order was filed with us on March 30, 1988.
Our review of the Commission’s action reveals that the denial of Mrs. Cluett’s Second Amended Motion for Reconsideration was based, in part, on Mr. Babcock’s erroneous assumption that the issue should be properly before the District Court of Appeal, rather than based on a careful review of the affidavit presented by Mrs. Cluett and a determination of whether that affidavit, as new evidence, should necessitate a new hearing. Additionally, even if the Commission’s denial of Mrs. Cluett’s motion was based upon a finding that the new evidence should not necessitate a new hearing, such a finding is not reasonable and constitutes a clear abuse of the Commission’s discretion.
When a trial court is faced with an important witness’ recantation of testimony, the decision to grant or deny a motion for a new trial or hearing rests in the sound discretion of the trial court. Dade National Bank of Miami v. Kay, 131 So.2d 24 (Fla. 3rd DCA), cert, denied, 135 So.2d 746 (Fla.1961). However,
[i]n reviewing this type of discretionary act ... an appellate court must apply the reasonableness test to determine whether the trial court abused its discretion. ... Discretion is abused when the judicial action is arbitrary, fanciful or unreasonable.
Roberto v. Allstate Insurance Co., 457 So. 2d 1148, 1150 (Fla. 3rd DCA 1984). Generally, if newly discovered evidence would probably change the outcome of a trial or hearing, a motion for new hearing based upon that evidence should properly be granted. Ragen v. Paramount Hudson, Inc., 434 So.2d 907 (Fla. 3rd DCA 1983), rev. denied, 444 So.2d 417 (Fla.1984); Jackson v. State, 416 So.2d 10 (Fla. 3rd DCA 1982). Additionally, the parties must generally make a showing that the new evidence was not discoverable before trial by the exercise of due diligence. Roberto v. Allstate Insurance Co.; Ragen v. Paramount Hudson, Inc.. In the instant case, although appellant did not assert that the new evidence was not reasonably discoverable before trial, our review of the record indicates that the nature of Mrs. Lockner’s post-trial statement necessitates a finding that such a statement could not have been reasonably discovered before trial. Nevertheless, even if Mrs. Lockner’s post-trial statement could have been discovered prior to trial by the exercise of due diligence, Florida courts have held that the requirement of due diligence is not a legal absolute. Roberto, 457 So.2d at 1150; Ragen, 434 So.2d at 908. Thus, even where the due diligence requirement has not been fulfilled, if an appellate court finds that a correctable injustice has been done, that court should not hesitate to order a new trial or hearing based on all the available evidence. Ragen, 434 So.2d at 908; Jackson, 416 So.2d at 10.
In the instant case, this court ordered the Commission to hear Mrs. Cluett’s Motion for Reconsideration by which Mrs. Cluett asked for a new hearing based upon the recanted testimony of Mrs. Lockner. At the hearing, Mrs. Cluett’s attorney argued that the new evidence would probably have changed the result of the hearing. The Commission’s attorney argued that the hearing officer’s determination would be the same because it was clear that Mrs. Darr did not give consent for the escrowed monies to be used to make the mortgage payments. The Commission’s attorney also stated that consent of both parties was needed in order for Mrs. Cluett’s disbursement of monies from the escrow account to be properly authorized.
However, these statements are incorrect for a couple of reasons. First, a review of the hearing officer’s Recommended Order does not conclusively show that the Darrs failed to authorize Mrs. Cluett’s use of escrow money to pay the mortgage. Although the hearing officer stated in the Findings of Fact that “[t]he Darrs did not give Mary Cluett permission to use the escrow money to pay the mortgage,” the hearing officer stated in the *356 Conclusions of Law that “while Pamela Darr knew about the use of the funds, she did not know they were intended by the Lockners for the balance required at closing.” Second, even if the Darrs failed to give permission to Mary Cluett to use the escrowed funds to pay the mortgage, such an absence of consent is not determinative in this case. An escrow agent must act in strict accordance with the terms of the escrow agreement. Cradock v. Cooper, 123 So.2d 256 (Fla. 2d DCA 1960). In the instant case, the escrow agreement between the buyer, Mrs. Lockner, the seller, Mrs. Darr, and the escrow agent, Mrs. Cluett, concerned an amount of only $500. Thus, the Darrs’ permission to use the es-crowed funds is not necessary as long as $500 remained in the escrow account at all times. Therefore, Mrs. Darr’s permission to use the escrowed funds would only be needed in the event that Mrs. Cluett’s use of the funds to pay the mortgage caused the balance of the escrow account to drop below $500. In the instant case, the escrow account at all times carried a balance of greater than $500. Therefore, the only permission that was needed by Mrs. Cluett to disburse funds in the account was the permission of Mrs. Lockner. Clearly, based on these facts, Mrs. Lockner’s new testimony establishing her consent could likely change the result of the hearing.
Although the Commission, in its discretion, denied Mrs. Cluett’s request for a new hearing based on the recanted testimony, we find the Commission’s denial to be arbitrary and unreasonable and the result of an abuse of discretion. Clearly, the available evidence indicates that a correctable injustice has been done. Accordingly, Mrs. Cluett is entitled to a new hearing in order for justice , to be achieved. Therefore, we reverse the Commission’s order denying Mrs. Cluett’s Second Amended Motion for Reconsideration and remand the case to the hearing officer for a new hearing based upon all the available evidence.
REVERSED and REMANDED.
THOMPSON, J., concurs.
NIMMONS, J., concurs specially with an opinion.