GOSHORN, Judge.
Danuta Mazurek appeals the order of the Florida Real Estate Commission suspending her real estate license for six months based upon the Commission’s conclusion that Mazu-rek was guilty of violating section 475.25, Florida Statutes, (1997). She contends that her newly discovered evidence is relevant to the penalty phase of the proceeding and that she should be permitted to present this evidence at a new penalty hearing. We agree and remand for such hearing.
Only after the Commission hearing had concluded was Mazurek able to obtain an affidavit from her broker which supported her explanation of the transaction at issue. This newly discovered evidence became relevant during the penalty phase of the proceeding when a Commission member voiced her disbelief of Mazurek’s mitigation evidence. At the conclusion of the presentation of evidence, the Commission member queried:
You’ve given a very detailed statement as to what the broker did in this case and how a lot of this burden has fallen on the broker’s shoulders. I don’t see a statement from the broker. I don’t hear a statement from the broker. I’m having a problem believing that.
Mazurek’s attorney- informed the Commission that the broker had been charged for his *200 acts by the Commission and that his hearing was set for a later date. The attorney for the Commission replied, “I would say that he [the broker] disputes those facts.” Immediately thereafter, the Commission voted for a fine, costs, and six-month suspension of Ma-zurek’s license and an order was entered accordingly.
Had the broker’s affidavit been available and presented to the Commission, the Commission may well have imposed a less harsh penalty. It is one thing to find that the facts offered in mitigation, while true, do not warrant lessening the penalty and quite another to find that the respondent has fabricated a story to offer in mitigation. It cannot be concluded that the Commission’s obvious disbelief of Mazurek did not affect the penalty imposed. Because the broker’s affidavit does in fact support Mazurek’s explanation of the subject transaction, justice requires that this court remand for a new penalty hearing at which all evidence can be presented and considered. See Cluett v. Department of Prof. Regulation, 530 So.2d 351, 355 (Fla. 1st DCA 1988) (upon a finding that a “correctable injustice” has been done, appellate court should order new hearing based on all available evidence).
REMANDED for further proceedings.
GRIFFIN, C.J., and PETERSON, J., concur.