919 So.2d 484 (2005)
Lilly M. LANGER, Appellant,
v.
Jack LANGER and Chelsea Homes, Inc., Appellees.
Nos. 3D04-2254, 3D04-3130.
District Court of Appeal of Florida, Third District.
November 2, 2005.
Rehearing and Rehearing Denied February 8, 2006.
*485 Hunton & Williams and Vance E. Salter, Miami, for appellant.
Leinoff & Lemos, Coral Gables; Greene, Smith & Associates and Cynthia L. Greene, Miami, for appellees.
Before RAMIREZ, SUAREZ, and CORTIÑAS, JJ.
Rehearing and Rehearing En Banc Denied February 8, 2006.
SUAREZ, J.
The former wife, Lilly M. Langer, appeals an order of involuntary dismissal in favor of the former husband, Jack Langer, the denial of her Motion to Reopen the Record to Include Newly Discovered Evidence and an order granting the former husband's and Chelsea Homes' Motion for Attorney's Fees and Costs. We reverse and remand for a hearing to include all of the evidence.
This litigation arises out of an action filed by the former wife against the former husband to enforce certain provisions of a marital settlement agreement. The main issue revolved around a certain tract of land referred to as the Rockledge property. The property is held in a trust by the former husband as trustee and the former wife as one of the beneficiaries. Neither the former husband nor the former wife recalled the 1985 Declaration of Trust instrument until after the trial court had involuntarily dismissed the action. Prior to the trial court issuing its order of dismissal, the former wife obtained a copy of the Declaration of Trust and moved to reopen the record in order that the trial court consider the issue of the former husband's alleged breach of fiduciary duty under the trust. The trial court denied the former wife's motion.
We reverse the involuntary dismissal and the denial of the Motion to Reopen the Record to include the 1985 Declaration of Trust. We remand to allow the trial court the opportunity to conduct a new hearing based on all the available evidence to fully and fairly address the issue of the alleged breach of fiduciary duty by the former husband with regard to the Rockledge property. See Bakalarz v. Luskin, 560 So.2d 283 (Fla. 4th DCA 1990), and cases cited; Ragen v. Paramount Hudson, Inc., 434 So.2d 907 (Fla. 3d DCA 1983); accord Cluett v. Dep't of Prof'l Regulation, 530 So.2d 351 (Fla. 1st DCA 1988).
We therefore reverse the order granting attorney's fees in favor of the former husband. § 57.105(1)(a)(b), Fla. Stat. (2004).
Reversed and remanded with directions.