SUAREZ, J.
Ina Nepola (Wife) appeals a non-final order granting the former husband’s motion to dismiss her motion to enforce final judgment of dissolution of marriage. We reverse the granting of the motion to dismiss and remand for an evidentiary hearing below.
On August 17, 1999, the parties entered into a marital settlement agreement whereby it was agreed that “[t]he Husband shall transfer and convey by warranty deed to the Wife who shall take free and clear title to one piece of commercial real estate, to wit: 317 N. State Road 7, Hollywood, Florida 33021.” The trial court ratified and approved the agreement in a Final Judgment Granting Dissolution of Marriage dated June 1, 2000. The Final Judgment acknowledged that the parties transferred the real property pursuant to the marital settlement agreement and specifically stated:
(c) The Husband has transferred to the Wife all of his right, title, and interest in the property at 317 N. State Road 7 in Hollywood, Florida....
The trial court reserved jurisdiction to enforce the terms of the settlement agreement and the final judgment. On March 9, 2004, the Wife moved to enforce the final judgment and alleged that the 317 N. State Road property consisted of Lots 11, 12 and 13, and that the Husband had conveyed to the Wife Lots 11 and 12 by quitclaim deed, but that he failed, as agreed, to convey these lots by warranty deed. Moreover, she alleged that he failed to convey Lot 13 entirely, despite the fact that the legal description to the property included Lot 13, the lease to the property included Lot 13 and the previous transfers of the property included Lot 13. On March 9, 2004, the Wife moved to enforce the final judgment and sought to have her husband execute warranty deeds to all three lots pursuant to the marital settlement agreement. The husband executed a warranty deed only as to Lots 11 and 12. The Husband then moved to dismiss the Wife’s Motion to Enforce Final Judgment on grounds that it was untimely because it was in the nature of a motion to set aside and that the agreement provisions were not subject to modification. The trial court granted his motion to dismiss.
The Wife contends on appeal that all three lots were included in the 317 property as they were always treated as a single parcel. She alleges that the husband failed to convey the 317 property — including Lot 13 — pursuant to the clear terms of the marital settlement agreement which specifically required the Husband to transfer to the Wife the one piece of commercial real estate known as 317 N. State Road 7. She alleges that he has misrepresented that he “ha[d] transferred to the Wife all of his right, title, and interest in the property at 317 N. State Road 7 in Hollywood, Florida,” as stated in the Final Judgment Granting Dissolution of Marriage, which ratified and approved the marital settlement agreement and orders compliance with all of its terms and provisions. The Wife further contends that she was enti- *570 tied to an evidentiary hearing on her motion to enforce. We agree.
We find that the ends of justice require a remand to the lower court to allow it an opportunity to conduct an evidentiary hearing to fully and fairly address the issue of whether the husband misrepresented to the trial court that he had transferred the entire piece of 317 N. State Road 7 property under the terms of the marital settlement agreement between the parties. Langer v. Langer, 919 So.2d 484 (Fla. 3d DCA 2005), and cases cited; Phillips v. Phillips, 466 So.2d 3 (Fla. 4th DCA 1985); Coleman v. Coleman, 404 So.2d 751 (Fla. 4th DCA 1981); 25A Fla. Jur.2d Family Law § 546, at 167 n. 9 (2002).
We therefore reverse the order granting the husband’s motion to dismiss and remand for an evidentiary hearing.
Reversed and remanded for further proceedings consistent herewith.