ROTHENBERG, J.
 

 Julia E. Bonilla (“Bonilla”) appeals from a final summary judgment of foreclosure entered in favor of Yale Mortgage Corporation (“Yale Mortgage”), and from the denial of her motion for rehearing. Based on the record before us, we reverse the denial of the motion for rehearing, and instruct the trial court to vacate the final summary judgment and allow Bonilla to respond to the complaint on the merits.
 

 In the fall of 2007, Bonilla and Yale Mortgage entered into a mortgage loan transaction in the amount of $140,000, at an annual interest rate of 11.99%. After Bonilla failed to make a single mortgage payment, Yale Mortgage commenced a foreclosure action in the Circuit Court in Miami-Dade County. Bonilla filed a timely motion for extension of time to file the answer, explaining that she was attempting to retain counsel. The trial court granted the motion; however, as no specific amount of time was requested in the motion, and because the trial court’s order granting the extension of time cannot be located by the Clerk of the Circuit Court, we do not know how much additional time was allotted by the trial court.
 

 Seven days after the extension was granted, but before Bonilla was able to retain counsel or file her answer, Yale Mortgage filed its motion for summary judgment, attaching the affidavit of its Chief Financial Officer, Woody Kahn. Mr. Kahn averred that the sums due to Yale Mortgage included a “prepayment penalty”
 
 [1]
 
 in the amount of $9,800, which equals
 
 *945
 
 7% of the outstanding principal balance, and interest through a specific date in the amount of $18,848.22. Although the affidavit does not indicate the annual percentage rate for the interest charged, a calculation reflects an annual interest rate of 18%.
 
 [2]
 

 At the hearing on the motion for summary judgment, Bonilla was not present, and had not yet filed an answer. However, an attorney appeared at the hearing and informally requested a continuance. The attorney explained that on the previous day, he received a referral package to represent Bonilla through the Put Something Back Pro Bono Project,
 
 [3]
 
 and because he had not been able to communicate with Bonilla, he could not file a notice of appearance on her behalf. The trial court denied the attorney’s request for a continuance, and entered a final summary judgment of foreclosure in favor of Yale Mortgage. The final judgment reflects that the trial court adopted the figures set forth in Mr. Kahn’s affidavit, including the interest due on the Note, which equals an annual rate of 18%, plus a 7% “prepayment penalty.”
 

 Thereafter, Bonilla retained the attorney who was present at the summary judgment hearing, and the attorney filed a motion for rehearing on Bonilla’s behalf. The motion for rehearing raised numerous issues, including whether the interest charged by Yale Mortgage was usurious. Specifically, Bonilla argued that the 7% “prepayment penalty” must be characterized as interest upon default, and therefore, when added to the interest charged in the final judgment, which equals 18% annually, the total annual interest charged by Yale Mortgage is usurious, as it exceeds the 18% permitted by law.
 
 See
 
 § 687.02(1), Fla. Stat. (2008) (providing that “[a]ll contracts for the payment of interest upon any loan ... or upon any obligation whatever, at a higher rate of interest than the equivalent of 18 percent per annum simple interest are hereby declared usurious”); § 687.071, Fla. Stat. (2008) (pertaining to criminal usury). Bonilla requested that the trial court grant her motion for rehearing, vacate the order granting summary judgment, and allow her to respond to the complaint on the merits. The trial court denied Bonilla’s motion for rehearing. Bonilla’s appeal followed.
 

 Bonilla contends that the trial court abused its discretion by denying her motion for rehearing.
 
 See Monarch Cruise Line, Inc. v. Leisure Time Tours, Inc.,
 
 456 So.2d 1278, 1279 (Fla. 3d DCA 1984) (holding that the denial of a motion for rehearing is reviewed for an abuse of discretion). Based upon the following circumstances, we agree with Bonilla that the trial court abused its discretion by denying Bonilla’s motion for rehearing: (1) Yale Mortgage moved for summary judgment seven days after Bonilla (who was unrepresented by counsel) filed and was granted an extension of time to obtain counsel and answer the complaint; (2) the attorney who re
 
 *946
 
 ceived the pro bono referral package appealed at the hearing and requested a continuance, explaining that he had not yet spoken to Bonilla and therefore could not file a notice of appearance; (3) the trial court denied the request to continue the hearing; (4) pro bono counsel subsequently filed a notice of appearance and a timely motion for rehearing on Bonilla’s behalf, raising several issues; (5) the trial court did not address the issues articulated by Bonilla in her motion for rehearing; (6) the final summary judgment of foreclosure indicates that Bonilla was charged interest at an annual rate of 18% plus a 7% “prepayment penalty”; and (7) the trial court failed to resolve a critical legal issue: whether the 7% “prepayment penalty” qualifies as additional interest upon default, and if it does, when added to the 18% interest charged to Bonilla by Yale Mortgage, is the total interest charged by Yale Mortgage upon default usurious and unlawful. We, therefore, reverse the denial of the motion for rehearing, and instruct the trial court to vacate the final summary judgment, and to allow Bonilla to respond to the complaint on the merits.
 

 Reversed and remanded.
 

 [2]
 

 . The note provides that upon default, Yale Mortgage will charge Bonilla the highest interest rate permitted by law, which is 18% per annum simple interest for loan transactions.
 
 See
 
 § 687.02(1), Fla. Stat. (2008).
 

 [3]
 

 . “The Put Something Back Pro Bono Project is the official program for providing pro bono, or free legal assistance to the needy population of Miami-Dade County. It is designed to increase access to the civil legal system by serving as an umbrella agency for referral to all other legal service providers and as a clearinghouse for attorneys who volunteer to help the indigent of the community.” http:// www.judl 1 .flcourts.org/programs_and_ services/psb_and_aqs7.htm.