# Third District Court of Appeal
## State of Florida

Opinion filed September 27, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1616
Lower Tribunal No. 20-26645
_____

**Prime Property & Casualty Insurance, Inc.,**
Appellant,

vs.

**Allied Trucking of Florida, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Alan Fine, Judge.

Green, Matzner & Kellner, P.A., and Jay B. Green and Stephen Carlos Jimenez (Boca Raton); Russo Appellate Firm, P.A., and Elizabeth K. Russo and Paulo R. Lima, for appellant.

Ver Ploeg & Marino, P.A., and Stephen A. Marino, Jr. and Rochelle N. Wimbush; Kula & Associates, P.A., and Elliot B. Kula, W. Aaron Daniel and William D. Mueller, for appellees.

Before EMAS, MILLER and LOBREE, JJ.

PER CURIAM.

Affirmed. See Bank of Am., N.A. v. Bank of N.Y. Mellon, 338 So. 3d 338, 341 n. 2 (Fla. 3d DCA 2022) ("A trial court does not abuse its discretion in denying a motion for reconsideration or rehearing which raises an issue that could have, but wasn't, raised in the initial motion or at the initial hearing."); Umana v. Citizens Prop. Ins. Corp., 282 So. 3d 933, 935 (Fla. 3d DCA 2019) (finding "no abuse of discretion in the trial court's denial of the insureds' motion for rehearing premised upon new evidence" and noting that the trial court "has the discretion to refuse to consider a counter-affidavit presented for the first time on a motion for rehearing of a summary judgment as being too late.") (quoting Knowles v. JPMorgan Chase Bank, N.A., 994 So. 2d 1218, 1219-20 (Fla. 2d DCA 2008)); Monarch Cruise Line, Inc. v. Leisure Time Tours, Inc., 456 So. 2d 1278, 1279 (Fla. 3d DCA 1984) (classifying trial court's ruling on motion for rehearing as a "discretionary act of the trial judge" which is not to be disturbed without "a clear showing that the trial court abused its discretion.") See also Chris Thompson, P.A. v. GEICO Indem. Co., 349 So. 3d 447, 448-49 (Fla. 4th DCA 2022) ("Appellant asserts that the trial court could not ignore binding authority simply because it was brought before the court on a motion for reconsideration, noting that the order granting entitlement was a non-final order. It is true that a trial court has the inherent authority to reconsider a non-final order and modify or

2

retract it. Yet, it is not an abuse of discretion to deny a motion for reconsideration which raises an issue that could have been, but was not, raised in a pre-hearing filing or at the entitlement hearing.") (quotations omitted); Fitchner v. Lifesouth Cmty. Blood Ctrs., Inc., 88 So. 3d 269, 278 (Fla. 1st DCA 2012) (noting that trial judges have the authority, but are not required, to consider new issues that are presented for the first time on rehearing); Gaffney v. Gaffney, 965 So. 2d 1217, 1221-22 (Fla. 4th DCA 2007) (holding that a trial court does not abuse its discretion when it declines to consider matters raised for the first time in a motion for rehearing).